Napton, judge,
delivered the opinion of the court.
This was an action of ejectment to recover a tract of land, described in the declaration as the se. qr. and e. hf. of ne. qr. of sec. 2, the se. qr. of sw. qr. of sec. 1 and the e. hf of ne. qr. of sec. 5, all in town. 40 R. 27. Th'e plaintiffs had a verdict and judgment. The title was as follows: 1st. An original summons issued by a justice of the peace, requiring William Crowley to appear before him on the 22d July 1844, in the matter of B. F. & T. B. W. vs. Crowley, on which was returned: <£ Summons served by reading the same to W. Crowley on the 13th Julv 1S44: M. Gragg constable.” 2d. A transcript of a judgment, filed in the office of the clerk of the circuit court, of B. F. & T. B. Wallace Vs. Crowley. This transcript showed a judgment by default on 22d July 1844—execution August 5, 1844—renewed 15th October and returned 17th December 1844, no property found—and the transcript filed in clerk’s office Of circuit court February 3d 1845. 3d. An execution from the justice dated 7th July 1845 and returned nulla bona. 4th. An execution from the circuit court dated 22d Sept. 1845, the return of which shows a levy, on the 22d September 1845, upon the land described in the declaration—a sale on the 15th October 1845, to plaintiffs. 5th. A deed from the sheriff, for the same land, dated 20th April 1846. This deed was acknowledged at the April term 1846. The record of which describes the land as the deed does, excepting that the se. qr. of the sw. qr. is placed in section 5 instead of section 1, the words ££ of S. 1,” being omitted. It describes the land further as the same levied and sold under execution in the ease of Wallace vs. Crowley &c. The deed was filed 11th June 1846.
All theée documents were objected to and exceptions taken to their admission.
Oral testimony was given to show, that W. Crowley Sr. (one of the defendants) was in possession of the premises sued for. But the witness in describing the land, only spoke of the se. qr. of sw. of sec. 1 T. 40 R. 27, as part of the land in possession of the defendant.
Daniel Crowley, who was not an original defendant, had been admit-ed as such, at his instance.
The defendants read a deed from W. Crowley Sr. to Daniel Crowley, dated 8th March 1844, conveying the se. qr. and e. hf. of the ne. qr. of sec. 2 T. 40 R. 27, and the sw. qr. of sec. 1 T. 40 R. 27 and n. hf. of nw. qr. of sec. 1 T. 40 R. 27, recorded same day.
*146 The plaintiffs then introduced evidence to prove that this deed was fraudulent.
At the instance of the plaintiffs the court gave the following instructions.
1st. If the jury believe from the evidence, that the plaintiffs have shown a valid judgment and execution in their favor against William Crowley, and a sheriff’s deed, by virtue of said judgment and execution to the land in controversy, and that said defendants were in possession of the land at the commencement of this suit, and that the deed from W. to D. Crowley was made for the purpose of hindering, delaying or defrauding creditors, they must find for the plaintiffs.
2d. If the deed from W. to D. Crowley was made for the purpose of preventing the creditors of said William from levying upon and selling the said land, the deed is void, provided the said William had not sufficient other property upon which to levy.
The other instructions given on the same side are mere repetitions of these.
Instructions were also given on the part of the defendants, in most particulars, the same already stated with this additional one, that the plaintiffs could only recover so much land as the defendants were proved to be in posssession of.
The verdict was that the defendants detained the lands specified in the declaration, the usual motion to set aside the verdict was made, and a bill of exceptions filed.
There seem to be no questions presented by this record, except such as relate to the various documents offered in evidence to make out the plaintiffs title. The question of fraud was submitted to the jury upon evidence and instructions, neither of which were objected to at the trial.
The title of the plaintiffs was derived from a purchase at a sheriff’s sale. This sale was made under an execution issued upon a transcript of a judgment obtained before a justice of the peace. Both the transcript and the execution were in evidence, and the plaintiff, in order to show authority on the part of the clerk to issue the execution, gave in evidence a copy of an execution issued by the justice with the return of nulla bona thereon, certified by the justice who issued it. The plaintiffs, for the purpose, it is presumed, of showing jurisdiction in the justice over the person of the defendant, W. Crowley, also produced the original summons with the return of the constable thereon. The admissibility of this summons, with the return, presents the first question we will consider.
*147 The objection taken to the summons is, that it does not appear from the return, that the writ was served in the township. The question is not whether the return would be quashed for insufficiency, but whether the failure of the officer to specify in his return, that the writ was served in the township, shall vitiate all the proceedings so that they may be pronounced void in a collateral suit.
The form of the return is not prescribed by statute, yet the return should regularly show that the writ was executed within the officer’s jurisdiction. Had the return showed that the writ was served in a place without the jurisdiction of the officer, the proceedings based upon it would be void. But inasmuch as the return is silent on the subject, the presumption must be, when attacked in this collateral way, that the writ was served in the township. Wilson vs. Jackson adm. 10 Mo. R. 329 ; Saunders vs. Rains, Ib. 770; Perryman vs. Relfe, 8 Ib. 208.
The plaintiffs further attempted to show that previous to the issuing of the execution from the circuit court, an execution had been issued by the justice, directed to the constable of the township in which the defendant resided, and was returned. “ That the defendant had no goods or chatties whereof to levy the same.” This was done by the transcript, from which it appeared that an execution issued August 5, 1844, that it was renewed 18th October, 1844, and returned 17th Dec., 1844. “ No property found.” The plaintiff, however, gave in evidence a certificate copy of an execution issued by the justice on the 7th July, 1845, and returned “ no property found.” The objection to this is, that the original was not produced. The evidence was superfluous, because the transcript showed that one execution had already issued and returned nulla bona, which was sufficient to authorize the execution from the clerk’s office of the circuit court.
The objections to the sheriff’s deed are two-fold. First, that it was executed on the 20th April, 1846, and the declaration was filed on the 9th March, previous, in which it is averred that the plaintiffs title accrued on the 20th October, 1845; and secondly, that the acknowledgment is insufficient.
The case of Buxton vs. Carter, (11 Mo. R.) is cited in support of the first branch of this objection, and the case would certainly be decisive against the plaintiffs were it not for the intervention of another principle. I allude to the doctrine of relation: which is, that where there are divers acts concurrent to make a conveyance, estate or other thing, the original act shall be preferred, and to this the other acts shall *148 have relation. This principle has heen often recognized, and is considered as peculiarly applicable to a case of this kind, where no strangers or third persons, can be effected. It is a fiction of law, and cannot be applied to a better purpose than where it used to prevent another fiction, the date of the demise in the declaration in ejectment from operating an inconvenience, if not an injury. The grounds upon which this doctrine is applied here are so forcibly stated by the supreme court of New York, in the case of Jackson vs. McCall, (3 Cow. R. 75,) that I shall not add any thing to what is there said. That case involved the precise question here suggested. The declaration was returnable to the May term, 1823, and issue was joined on the 4th June, 1823. The sheriff’s sale from which the defendant’s title sprang, took place on the 2d October, 1818, but the sheriff’s deed was dated 12th August, 1823, more than two months after issue joined. The court in examining the question, whether the deed could be admitted, without a plea puis darrein eontiuuance, say “ admitting that by relation it is to be considered as having been given at the time of the sale, does that dispense with the necessity of pleading the fact of delivery, according to its truth, puis darrein continuance. I am of opinion that it does. The defence relied on was the title acquired under the sheriff s sale. Where did that title vest in the defendant ? If before the commencement of the suit, it was available under the general issue. If after issue joined it should have been pleaded puis darrein continuance, and the date or time of delivery of one of the evidences of title is perfectly immaterial. The legal effect and operation of such delivery is the matter of defence, and not the instrument itself. The legal effect of the delivery, then, in this case, having been to vest the title in the defendant, by relation, as of the 2d October, 1818, the matter of defence did not arise, subsequent to the joining of the issue, and need not be pleaded puis darrein continuance.”
The acknowledgment of the deed is also objected to.. The statute requires a sheriff to acknowledge a deed in open court, and the clerk is required to endorse upon the deed a certificate of such acknowledgment, under the seal of the court, and he is further required to. make an entry of it, and in this entry to state the names of the parties, and description of the property. Here the clerk confounds the certificate which he is required to endorse upon the deed, and which need only be a certificate, that the within deed was acknowledged, with the entry he was required to make on his record, in which it was his duty to give a description of the land and the names of the parties. The latter was *149 unnecessary to be placed upon the back of the deed, for the deed itself would give the necessary information on these matters. But shall a mistake in the description of the land affect the purchaser ? The law imposes this duty upon the clerk, an officer of the court, over whom the purchaser has no control. The whole transaction of the sale, deed, acknowledgment and recording is confided to a set of public officers. It is not like an ordinary conveyance, nor does the statute requiring sheriff’s deeds to be recorded,, and which by the by is of recent introduction, declare the consequences to the purchaser, of a failure to have it filed. The statute declares that the recorded deed shall be admitted in evidence without further proof, but says nothing about notice. We are of opinion that the certificate of acknowledgment was sufficiently certain, and that the clerical error, in the description of the land, will not vitiate it,
The remaining objection is, that the verdict and judgment were for the whole land mentioned in the declaration, whilst the proof showed the possession of the defendants to be confined to forty acres.
The instructions upon this point were clear and conceded to be correct. Inded, no exception was taken to the instructions. The question of fact was the jury’s, and we cannot interfere. The objection, it is obvious, is merely technical—for if the plaintiffs get a writ of habere facias possessionem for land of which the defendants do not claim the possession, the defendants will certainly not be injured thereby.
The other judges concurring, judgment is affirmed.