Rowan v. Lamb.

# ROWAN et al. v. LAMB.

1. Where the bill of exceptions does not purport to give all the evidence in the case, it will be presumed that the evidence adduced on the trial was sufficient to justify the decision.

2. Where a bill of exceptions describes in detail, the exhibits and title papers introduced, and states, " Being all the evidence offered by the plaintiff to sustain the issue on his part," it must be concluded that no other evidence was offered in behalf of plaintiff.

3. The affidavits of a newspaper publisher, that a notice of a mortgage sale was duly made, cannot be objected to in the supreme court, unless the objection was first made in the court below.

4. Title bona fide derived under a deed of trust, where the trustees were vested with the power to sell, and also with the legal title, will not be disturbed by those irregularities, in reference to the powers of the trustees, which might affect the validity of the sale, where the power to sell is not coupled with the title.

5. Where title is derived from trustees, who had the legal title as well as the power to sell, such title can only be divested by direct proceeding in chancery, and can only be overcome by a paramount antecedent title.

6. The majority opinion in Tiffany v. Glover, 3 G. Greene, 387, overruled, and the principles laid down in the dissenting opinion, in that case, adopted.

7. An attachment is auxiliary and incident to the proceedings over which the district court is invested with general jurisdiction ; hence, the attachment may be defective and the principal case not so.

8. Where a writ of attachment commanded the sheriff to levy, " Upon the defendant's property in Lee county, Iowa," and returned on the back of the writ, " Served the within attachment by attaching," &c., certain property described in the return, it will be presumed that " The property attached was the property of the debtor."

9. A court will not intend facts inconsistent with the returns of a writ in order to divest rights acquired under it; but will rather presume a levy to have been duly made, in order to support those rights.

An officer will be presumed to have done his duty, as commanded, till the contrary appears.

10. A court of inferior or limited jurisdiction must show in its records, or in its judgments, that it has jurisdiction over the subject matter and the parties. If it in any way appear that such a court has jurisdiction, it will be inferred that its proceedings were regular.

11. In an attachment, it is the levy that gives the court jurisdiction over the property, and not the return on the writ.

Rowan *v.* Lamb.

12. Presumptions are allowed when the facts to be presumed are consistent with the duty, trust or power authorized, and tend to subserve the purposes of justice; but where the act would be unauthorized by the trust or office, or contrary to the duty of the party assuming the power, no such presumption can be admitted.

13. Every vital jurisdictional fact must be apparent; and while we cannot merely presume the existence of such a fact, we cannot presume against it, even to divest an inferior court of jurisdiction; so in attachment proceedings, the court will not presume the jurisdictional fact of a levy; but where that fact is established by the officer's return, or otherwise, a court may call in the aid of presumption to support a mere detail or incident connected with the levy, to show that the officer obeyed the directions of the law in making the levy.

14. An attachment proceeding does not curtail or limit the jurisdiction of the court, before which it may be pending; and if before a court of general jurisdiction, like the district court, the same general intendments apply in regard to the exercise of official duties, as apply to any other case of general jurisdiction; and where there appears to have been a writ founded upon the requisite affidavit, and where the officer appears to have complied with the mandate of that writ by making the requisite levy, that levy gives the court jurisdiction over the property attached.

15. Where, under attachment, a legal levy has in fact been made, a mere omission in the returns to state the particulars in reference to the levy, or the ownership of the property attached, will not impair it, nor affect the jurisdiction of the court over the property.

*Appeal from Lee District Court.*

*Opinion by* GREENE, J. Petition for partition, filed by W. Lamb, against John H. Rowan and Henry McKee. Petitioner claims title to the undivided three-fourths of certain lands and lots in Lee county, and that McKee owned the other fourth. The petition avers that John H. Rowan claimed to be the owner of the same lands and lots; that his claim is unfounded and unjust, as to the three-fourths claimed by petitioner, and questionable as to the other fourth. Petitioner prays for partition, and that his title may be quieted.

Rowan's answer denies the right of Lamb to the lands described in the petition, and claims the entire title in himself. In support of his title he exhibits: 1. The judgment of partition of the half-breed lands of Lee county, made by the district court in 1841, by which the lands and lots

in question were allotted to Henry McKee. 2. A suit by attachment, instituted by W. A. Clark, against said McKee, under which the lands and lots were levied upon, and after judgment, transferred by sheriff's deed to Thomas Breeze and Lewis R. Reeves. 3. Conveyances from said Breeze and Reeves to Rowan. The answer calls upon petitioner to produce his title. Petitioner replies, and admits McKee as the source of his title, but denies that Rowan has any interest in the lands by virtue of the attachment proceedings and the conveyances made by those claiming under them; that if Rowan did acquire any right, under the attachment suit, they are invalid as against petitioner, and those under whom he claims, because purchased without notice of said proceedings and conveyances, and because the proceedings in attachment and the sale were fraudulent and illegal; that Rowan purchased with notice of those irregularities; that he was a mere volunteer under his brother, of the firm of Rowan and Brown, the assignees of the attachment judgment and sale, and for whom said lands were held by said Breeze and others, until conveyed to defendant, by direction of his brother, for the purpose of keeping the lands from his creditors. The replication exhibits petitioner's title, commencing with the judgment of partition under McKee. 2. A deed from McKee to George Collier and William Glasgow. 3. Conveyances from them to petitioner.

The rejoinder reaffirms the averments of the answer, denies fraud, and denies being a mere volunteer, as charged in the replication. It reaffirms his title under these pleadings and the title papers referred to. Under these pleadings the case was submitted to the court.

We learn from the bill of exceptions, that after the petitioner filed his title papers, with the replication, they being all the evidence offered to sustain the issue on his part, the defendant moved for a non-suit. The motion was overruled. The defendant then offered his evidence, consisting of the records and title papers referred to, as exhib-

Rowan *v.* Lamb.

ited with his answer. This was all the evidence introduced, as we must infer from the bill of exceptions, by either party.

The court thereon rendered a judgment of partition, giving to Lamb three-fourths, and to Rowan one-fourth of the real estate described in the petition.

We will, in the first place, briefly consider a preliminary point, urged by appellee in support of the decree below. It is strongly urged that the record does not disclose all the evidence, and that consequently this court must presume that the evidence adduced was sufficient to justify the decree as rendered, and that unless the transcript gives all the evidence introduced by complainant, it must be presumed that the motion for non-suit was correctly overruled. This would necessarily be the case if the transcript did not contain all the evidence. But in this particular the bill of exceptions is sufficiently explicit. After describing in detail, the exhibits and title papers introduced by plaintiff, the bill of exception states: "being all the evidence offered by the plaintiff to sustain the issue on his part," &c. From this we conclude that all the evidence is before us upon which the application for a non-suit was overruled, and that we are therefore sufficiently in possession of the case to review the decision upon that motion.

1. It is urged that the court below erred in overruling defendant's motion for non-suit, on the ground: 1. That plaintiff derived his title from Glasgow and Collier, who were only grantors of a mortgage, with power of sale, and that the *ex parte* evidence introduced, does not legally show that the power of sale had been executed. 2. That the mortgagee and his assigns or grantees, without possession or entry upon foreclosure, are not owners, so as to maintain the action of partition. The *ex parte* evidence objected to as illegal, are the affidavits of the newspaper publishers that the notice of sale was duly published. But as these affidavits were admitted without objection in the

court below, they cannot now be questioned. They show a substantial compliance with the directions given in the mortgage, as to the manner of making the sale. Even if valid, the objection should first have been presented to the court below. On this point, therefore, we cannot disturb the ruling of the court against a motion for a non-suit. But it is objected that the exhibits do not show plaintiff to be owner of the land, as alleged in the petition. The mortgage to Glasgow and Collier, with the power of sale, possessed all the virtues of a deed of trust, and vested in them the legal title, as trustees, and hence, a deed from them would convey the legal title to the purchaser. The irregularities of this sale, as urged by appellee's counsel, are not such as could have been considered by the court, on a mere motion for non-suit. This could only be done in a direct chancery proceeding, in which all concerned should be made parties. *Prima facie*, plaintiff's exhibits showed him to be an owner of the property. He claimed title under McKee by virtue of a deed of trust, executed in August, 1842, to Glasgow and Collier, for the benefit of James Harrison, a creditor. Under these trustees, who were not only vested with power to sell, but also with the legal title, the plaintiff appears by his exhibit, in the light of an innocent purchaser. Where trustees are thus vested with the title as well as the power, it is not necessary to show that strict compliance with the directions of the power, as it would be, if the power was not coupled with the title.

As plaintiff connects his right with those who had the title, as well as the power to sell, his title can only be divested by a direct proceeding in chancery, and can only be overcome by a paramount antecedent title. We are therefore of opinion that the court did not err in overruling the motion.

2. The second error assigned is, that the judgment on the merits should have been for defendant's title to all the

land. It is claimed that defendant's title is anterior and paramount to plaintiff's.

The defendant's title is derived, under a judicial sale, made by virtue of a judgment in a suit in which a writ of attachment was issued, and levied on the land in question, in April, 1849, four months before the deed of trust, was executed. If, therefore, the attachment levy was valid, the defendant's title must necessarily prevail. This question we approach with great reluctance, and with a realizing sense of the responsibility involved. We must either come in conflict with the carefully adjudicated case of *Tiffany* v. *Glover*, [a] or else in conflict with our own convictions of the law and justice of this case. True, the opinion in *Tiffany* v. *Glover*, was sanctioned by two of the judges only, but the highly respected author of that opinion has since given place to another incumbent, and this circumstance increases our hesitation to disturb the ruling in that case. Besides, we are fully impressed with the importance of stability and uniformity in judicial decisions. Such a case should not be overruled for unimportant or doubtful reasons. It should only be done to avoid greater wrongs; or when justified by decidedly greater weight of authority.

In *Tiffany* v. *Glover*, the court held that "The sheriff, should have returned, that the property attached, was the property of the defendant," that "in no other way could the court, legally know the fact, and until this fact, was before the court, could the court proceed against the land as the land of defendant;" that, "As the fact that it was attached as the property of the defendant, was essential to constitute a levy, such fact could not be established by extraneous evidence *de hors* the return," that the attachment and sheriff's return became monuments of title &c.

Thus the technical accuracy of the sheriff's return, is

(a)   *See* 3 *G. Greene,* 385.

*31

made essential to the jurisdiction of the court over the land, and essential to the validity of the levy and attachment proceedings.

In the case at bar, as in that of *Tiffany* v. *Glover*, the sheriff neglected to state in his return, that " The property attached, is the property of defendant." Should this omission be adjudged fatal to the levy and proceedings in attachment ; or should it be considered sufficient to take all power from the court and render the proceedings *coram non judice ?*

The majority of the court, feel themselves constrained to adopt the principle laid down in the dissenting opinion of *Tiffany* v. *Glover*.

In that case, as in this, the attachment proceedings were collaterally attacked, and not in a direct proceeding. The question arises then, is the objection one of jurisdiction, or of mere irregularity. Is it void, or only voidable ? If the. former, *Tiffany* v. *Glover*, should be sustained. If the latter, it should, on principle and authority, be overruled.

The writ of attachment was issued by a court of general jurisdiction. It was issued, not as an original proceeding but as auxiliary and incident to other proceedings, in which the court was invested with general jurisdiction ; hence the auxiliary process might be defective, and the principal cause not so. It was issued upon the requisite affidavit, and served by levy, as commanded, " upon the defendant's property, in Lee county, Iowa." The sheriff returned on the back of said writ, " Served the within attachment, by attaching " &c., certain property described in the return.

The sheriff was commanded by the writ, to attach the property of defendant in Lee county.

It is obvious, that the power of the sheriff, was limited to the property of the defendant within the county of Lee ; and that he could levy upon no other property, without violating the commands of the writ. and his oath of office. Will it be presumed that an officer has violated his commands, trampled upon his official obligation, and trespassed

Rowan v. Lamb.

upon the rights of others? Can any decision be legally sound that rests alone upon such negative presumptions? There is no legal maxim so free from exception, as *omnia presumuntur rite et solemnitur esse acta dom probitur in contrarium.* Every thing is presumed to be legally and duly performed until the contrary appear. This is especially the case when the acts are of an official nature. There is no presumption of law more frequently indorsed by authority, than, that judges, jurors or sheriffs, do nothing carelessly, maliciously or without authority; that the decisions of courts of competent authority, are well founded, and that a court will not intend facts, inconsistent with the returns of a writ, in order to divest rights acquired under it. It will rather presume a levy to have been duly made in order to support those rights; 11 John 517. The authorities are uniform in support of the rule, that an officer will be presumed to have done his duty, as commanded, till the contrary is shown. C. Litt, 232; 3 East, 192; 10 ib., 216; 1 T. R. 503; 3 Black. Com., 371; 2 Black R. 852; 19 John, 347; 6 Peters, 729; 9 ib., 134; 10 ib., 478; 12 ib., 437 and 438; and other cases cited in the dissenting opinion of *Tiffany* v. *Glover.* But it is claimed that the jurisdiction of the district court in attachment proceedings, is inferior and limited, and that nothing can be intended in favor of its jurisdiction but that which is expressly alleged. It is true that a court of inferior or limited jurisdiction, either in fact, or in subject matter, must show in its records or its judgments that it has jurisdiction. But it need not detail all the facts and particulars which confer that jurisdiction.

The jurisdiction of such a court should appear, but there is no particular form in which it should be made to appear. If it appear upon the face of the proceedings that such a court had jurisdiction, it will be inferred that its proceedings were regular; but unless it so appear, or in other words, if the proceedings show affirmatively or inferentially, that the inferior court had no jurisdiction,

Rowan *v.* Lamb.

no such intendment as to irregularity will be made. Now, even admitting the district court to be one of inferior and limited jurisdiction as to attachment proceedings, does it follow that a defective return of the writ shows a want of jurisdiction? We fully agree with a majority of the court, in *Tiffany* v. *Clover*, that the jurisdiction of an inferior court over the property attached, would depend entirely upon the legality of the levy. True, as stated, it is the levy that gives the court jurisdiction over the property. But the objection in this case, as in that, is not to the levy. It is not pretended in either case that the levy was defective; nor that the property levied upon was not the property of the defendant, but only that the sheriff neglected to state that fact in his return. Where then is the defect? surely not in the levy. The objection then, is only applicable to the return, and no one will pretend that the return gave jurisdiction over the property. If defendant had no title in the land, it will not be pretended that the sheriff's return would vest the title in him. In this case, the title was in fact in defendant, but the return does not expressly state the fact. Can it therefore be inferred that the title was in some one else? that the officer had violated the command of the writ, and subjected himself to an action of trespass, by levying upon lands over which the writ gave him no power? Surely, such an intendment would do violence to every rule of presumptive evidence. No court, either of general or special jurisdiction, can be justified in presuming, without evidence, that one of its officers has been guilty of culpable neglect of duty. Under the most limited view of the powers of the district court in attachment proceedings, when a writ appears *prima facie* to have been so regularly sued out, levied and returned, as was the writ in the the present case, it must be presumed that any minor details not specified in the returns or proceedings, were duly performed. If, in a direct proceeding, it had been alleged that an officer had violated an important duty entrusted to him, such dereliction of duty could not

be presumed. The party alleging would have to prove the fact. 9 Peters, 134; 12 ib., 483. How then can it be presumed, in a collateral proceeding like the present, when no such allegation is made, and when the very records of the case before the court show the fact that the sheriff did levy upon the property of the defendant as instructed?

In *Tiffany v. Glover*, we think the court reversed the established order of presumption, by presuming, without any evidence, or circumstances to justify it, that the sheriff had not done his duty; that he had not levied upon the property of defendant.

The principle is universal in its application that presumptions are allowed, where the facts to be presumed are consistent with the duty, trust or power authorized, and tend to subserve the purposes of justice. But when the act would be unauthorized by the trust or office, or contrary to the duty of the party assuming the power, no such presumption can be admitted; 2 Comstock, 42; 3 Denio., 119; 5 Barb., 610. How then could the court in *Tiffany v. Glover*, presume that the writ was not served as directed; that the sheriff's return agreeably to the command of the writ is false, and that he had violated a known duty? This must have been presumed, or else the majority of the court must justify the decision, by assuming that the words, "The property of the defendant," in attachment returns are essential elements to the jurisdiction of the court in attachment cases. But the court say that "The jurisdiction depends entirely upon a legal levy." It cannot be, then, that technical precision in the return could be regarded as a vital jurisdictional desideratum.

If the omission, complained of in the return, should be deemed essential to jurisdiction, we fully admit that the defect could not be supplied by presumption alone. Every vital jurisdictional fact must be apparent, and while we cannot merely presume the existence of such a fact, it follows with equal force that we cannot presume against

it—even to divest an inferior court of jurisdiction; 4 Comstock, 378. So in the present case ; a levy being a vital jurisdictional fact, a court could not properly resort to presumption alone to establish the fact of a levy ; but as that fact is fully established by the sheriff's return, without the aid even of presumption, and as the court was thus invested with jurisdiction, it might call in the aid of presumption to support a mere detail or incident connected with the levy. The essential fact being established that the levy was made, it will be presumed that the sheriff obeyed the directions of the law in making that levy.

When the law required service in the township, and the summons was silent as to the place of service, it was held that it would be presumed to have been served in the right township ; 12 Mo., 143. So it has been held, that when the law requires process, to be read to defendant, or a copy to be delivered or delivered and certified, it will be presumed that they were done, although the return be silent in these particulars ; Barb., 525.

Clearly, the defect in the case at bar, is not jurisdictional. It could not affect the powers of the court over the parties, the subject matter, or the property. It was a mere omission in the return, that might be amended on motion, or corrected according to the fact by the sheriff. The defect was not void, but at most only voidable, and although subject to correction in a direct proceeding, it is obviously not sufficient to invalidate rights and divest titles, when collaterally assailed ; 2 Hill., 518.

To this conclusion, we arrive, even if it be conceded that the district court, under which the attachment proceedings were pending, was of limited and inferior jurisdiction. But that court was not thus limited in power. The general jurisdiction of the district court of Iowa has never been seriously questioned. What is there in a proceeding by attachment that should render the jurisdiction *quoad hoc* limited? Although exclusively statutory and severe in its provisions, still it is merely auxiliary to other

Rowan *v.* Lamb.

proceedings over which the jurisdiction of the court is in all cases general; and as antecedent to an attachment, there must be an indebtedness—a cause of action—in which the jurisdiction of the court is not limited. The writ of attachment is issued in aid of that jurisdiction. It is not the object of the writ to curtail and limit that general power, but rather to augment and make it more efficient and secure. It is intended to give a creditor a remedy in fact, as well as in form. Without this auxiliary process, the creditor could obtain a judgment, and subsequently an execution. But, with this additional power in the court, he can also secure himself against the fraudulent attempts of the debtor to remove his property beyond the control of an ordinary remedy.

1. We conclude then, that an attachment proceeding does not curtail or limit the jurisdiction of the court before which it may be pending ; and if before a court of general jurisdiction, as in this case, the same general intendments apply, in regard to the exercise of official duties, as apply to any other case of general jurisdiction ; and that as there appears to have been a writ, founded upon the requisite affidavits, and as the officer appears to have complied with the mandate of that writ, by making the required levy, that levy gave the court jurisdiction over the property attached.

2. That when a legal levy has in fact been made, as shown by the returns of the writ and the records in this case, a mere omission in the returns to state all the particulars connected with that levy, will not impair the levy itself, nor affect the jurisdiction of the court over the property attached.

3. That when such a writ commands an officer to attach the property of defendant, in a given county, and the officer proceeds accordingly, and shows by his returns that he attached certain property, describing it, but without calling it the property of defendant, it will be presumed, in the absence of proof or claims to the contrary, that the property attached was the property of defendant, and was bound

under the proceedings from the service of the writ. We therefore conclude that the court below erred in not sustaining the title of Rowan under the attachment proceedings.

These conclusions are, we think, abundantly sustained by reason and authority, and as the authorities are sufficiently elaborated in the dissenting opinion in *Tiffany* v. *Glover*, it would seem unnecessary to refer to them more in detail, in this opinion

Judgment reversed.

*Geo. C. Dixon*, for appellants.

*Reeves* and *Miller*, for appellee.