THOMAS P. RUBEY, Respondent, v. BENJAMIN HUNTSMAN, Appellant.

*Tax Sale—Deeds.*—Where the statute required that the sale of lands for taxes should be made before the courthouse door of the county, and the sale was made inside the courthouse, the sale was void and no title passed by the sale and the register's deed thereupon. (Revenue, R. C. 1845, p. 949.)

*Appeal from Randolph Circuit Court.*

*Reid & Denny* and *H. M. Porter*, for appellant.

I. It was not necessary that the sale should have taken place *before* the courthouse door to make the tax deed good. The evidence shows that the sale was made at the courthouse, which is in accordance with the notice.

The sale being made publicly, near the door, within full view of and within hearing distance of the door, was a substantial compliance with the law; and the rights of the parties could not have been affected thereby.

II. A recital of the place of sale is not required to be inserted in the deed; therefore, the recital in the tax deeds that the sale took place *before* the courthouse door does not render said sale invalid.

III. Although the tax deeds were not executed at the expiration of the two years from the date of sale, defendant was entitled to a deed at any time.

IV. The act of 1847, making deeds *prima facie* evidence of title under sales made under the act of 1845, only *changes* the burden of proof.

*Burckhartt*, for respondent.

I. The sale for taxes took place inside the courthouse, which was a departure from the law in a material matter, and there must be a strict compliance; and the law does not fix any limit to which they may depart without invalidating the sale. (Reed v. Morton, 9 Mo. 868; Donohoe v. Veal, 19 Mo. 331; R. C. 1845, § 95, Act concerning Revenue.)

II. The recitals in the deed are not in accordance with the facts. The deed recites that the sale took place before the courthouse door, and the evidence showed that it took place in the courthouse. (State, *ex rel.* Donohoe v. Richardson, 21 Mo. 420.)

III. The tax deed was not executed and recorded by the register for several years after the time for redemption had passed, and the law requires the deed to be made and

recorded at the expiration of the two years, as an additional means of enabling the owner to ascertain that his land has been sold. (Reed v. Morton, 9 Mo. 868; also, § 29 of Acts of 1847, concerning sales for taxes.)

In tax sales, no title passes until the execution of deed by register. (Donohoe v. Veal, 19 Mo. 331.) The party whose land was sold being an infant, it was important that the register's deed should have been executed and recorded at the proper time, so that he would have found it out in time to redeem.

IV. There was no such adverse possession in this case as would avail anything against the rightful owner. (McDonald v. Schneider, 27 Mo. 412.)

The law requires the sale to be made publicly before the courthouse door, and if made inside, it is not such a compliance with the law as contemplated.

BATES, Judge, delivered the opinion of the court.

This is a suit for damages for trespass to land, apparently prosecuted and defended for the purpose of trying the title to the land, both parties claiming title. Judgment was given for the plaintiff. The plaintiff having shown a *prima facie* case of title, the defendant set up a title under a tax sale, and the plaintiff gave evidence tending to impeach the validity of that tax title. The defendant, to show his title, gave in evidence a deed made to him by the register of lands, dated the 11th day of February, 1857, and which was filed for record on March 2, 1857. That deed recited the sale made by the collector of Randolph county, on the first Monday of of October, 1846, "before the courthouse door of said county." The plaintiff then proved that the sale was made inside the courthouse, and not "before the court house door of the county."

The court below, by instructions given, decided, in effect, that the making the sale within the courthouse, and not "before the courthouse door," was such a failure to comply with the law as to make the sale void. We think that the

court did not err in so deciding. The 9th sec. of the 15th art. of the Act concerning Revenue (R. C. 1845, p. 949,) provides that the sale shall be made "before the courthouse door of the county." It is well established in this State that a person claiming to hold land under a sale for taxes can only maintain his title when the law has been strictly pursued. It is immaterial whether it was more convenient to all persons, or better in any respect to sell within than before the courthouse; the law has prescribed the place of sale, and that is the only proper place; and it is so because the law has said so, and there can be no reasoning about it. (Reed v. Morton, 9 Mo. 868; Donohoe v. Veal, 19 Mo. 331; State, *ex rel.* Donohoe, v. Richardson, 21 Mo. 420.)

The defendant also set up length of possession in himself as a bar to the plaintiff's right of action, but no evidence was given of actual possession by him.

The judgment of the court below is affirmed. Judges Bay and Dryden concur.

*Burckhartt*, for respondent.