NICHOLS, SHEPARD & COMPANY *vs.* M. S. ROOT and another.

July 7, 1886.

**Sale—Warranty—Waiver of Notice of Defect.**—Upon a condition in a warranty of an agricultural machine that written notice, stating wherein the machine fails to satisfy the warranty, is to be immediately given by the purchaser to the seller at Battle Creek, Michigan, (the machine being sold in Minnesota,) and reasonable time allowed to get to it and remedy the defect, unless it is of such a nature that the seller can advise by letter, *held*, that the seller might waive the written notice.

**Same—Notice by Agent who is also Agent of Seller.**—Also that the purchaser might give the notice by agent, writing in his behalf, and for that purpose might select as his agent one who, for other purposes, was agent for the seller.

**Same—Notice by Mail.**—Also that the notice might be given by properly mailing it.

Action by the payee against the makers to recover $185, the balance unpaid on two promissory notes, on which $150 had been paid. For a counterclaim the defendants alleged that the sole consideration of the notes was a "vibrator threshing-machine," made by plaintiff, (a Michigan corporation, having its place of business at Battle

Creek, in that state,) and sold to the defendants by an agent of plaintiff, at Spring Valley in Fillmore county, with warranty; that the machine was not as warranted, and that by the breach of warranty the defendants were damaged in the sum of $425. At the trial in the district court for Fillmore county, before *Farmer*, J., the defendants had a verdict for $273, and on their remitting the excess over $190, a new trial was refused. Plaintiff appeals from an order refusing a new trial. In respect to what the notice of defects required to be given plaintiff at Battle Creek should contain, the court, in its general charge, instructed the jury that if the notice stated "in what particulars the power did not work on the start, that would be a compliance with the warranty." The character of the warranty, and the nature of the exceptions taken at the trial, appear in the opinion.

*Thayer & Hibner* and *John W. Willis*, for appellant.

*J. D. Farmer & Co.* and *A. R. Burleson*, for respondents.

GILFILLAN, C. J. The counterclaim of the defendants is based on a warranty precisely similar to that considered by this court in the case of *Nichols* v. *Knowles*, 31 Minn. 489, (18 N. W. Rep. 413.) As held in that case, the written notice to plaintiffs required by the conditions of the warranty might be waived by the plaintiffs.

This disposes of the exceptions to the court's refusal to grant the plaintiffs' second and third requests for instruction to the jury, for they proceed upon the theory that the defendants could not rely on the warranty unless the notice was in fact given, leaving out of account altogether that the plaintiffs might have waived it; and also of the exception to that portion of the charge in respect to waiver. We cannot see why the defendants could not give the required notice by their agent, in writing, in their behalf, nor why, as their agent for that purpose, they might not select one who, for other purposes, acted as the agent of the plaintiffs. If they authorized Kusick, plaintiffs' agent for the sale of machines, to give plaintiffs the required written notice, and if he gave it in their name, and on their behalf, it was a proper notice under the warranty. The stipulation as to the notice is silent as to how it shall be given,—whether personally or by mail. But when we consider the nature of the business; the purpose of the notice, which was merely to give the plaintiffs time and opportunity

to make the machine conform to their warranty, if they could; and the distance that the defendants lived from plaintiffs' place of business, where the notice was to reach them,—we must infer that the parties intended that the notice might be given by properly mailing it.

As to what the notice ought to contain, the general charge of the court was correct, and full enough, so that it was not necessary to repeat it at the request of plaintiffs.

We see nothing that needs to be considered, in any of the assignments of error, not covered by what we have already said.

Order affirmed.