# C. AULTMAN & COMPANY

## v.

# L. H. WYKLE.

*Sales—Warranty—Instructions.*

1. One can not enforce a warranty imposing mutual and dependent obligations and covenants until he has shown compliance on his part.

2. A provision in a contract of sale warranting a machine to do good work, which requires the purchaser to give notice of dissatisfaction within five days, and makes his failure to do so evidence of fulfillment of the warranty, is just and binding.

3. In case of such a provision. it is error to instruct the jury that the purchaser had a right to test the machine for a "reasonable time."

4. An instruction is erroneous if there is no evidence to which it can apply.

[Opinion filed May 28, 1890.]

IN ERROR to the Circuit Court of Peoria County; the Hon. JOHN BURNS, Judge, presiding.

Messrs. HOPKINS & HAMMOND, for plaintiffs in error.

In Bayliss v. Hennessy, 54 Iowa, 11, and in Paige v. McMillin, 41 Wis. 337, it is held, under a contract which provided that the cutting of more than five acres of grass with a mowing machine should be conclusive evidence that it fulfilled the warranty, that the purchaser could not recover for breach of warranty after he had cut more than five acres of grass with the machine.

In Boothley v. Scales, 27 Wis. 266, it is held that under a contract providing a time in which notice shall be given that the machine fails to fulfill the warranty, notice given after the expiration of time will not authorize a recovery for breach of warranty.

In Upton Manufacturing Co. v. Huiske, 29 N. W. Rep. 621, and in King v. Towsley, 64 Iowa, 75, it is held, under a contract of warranty for limited time, that unless notice was

given of a breach within the time limited there could be no recovery.

In J. I. Case Threshing Machine Co. v. Vennum, 23 N. W. Rep. 563, in the Supreme Court of Dakota, the contract in question was almost identical with that in this case, except the limitation stipulated was two weeks instead of five days. The action was upon notes given for a ten-horse power threshing equipment. The defense was breach of warranty by failure to perform. No notice of the failure to perform was given within the time stipulated, but was given after its expiration.

Hudson, J., in delivering the opinion of the court in that case, says: " It is a fundamental principle of law that has never been departed from by any respectable court, that when the obligations of an express warranty are concurrent, either who seeks to enforce the obligations of the other must prove performance on his part, or an offer to perform." Abb. Tr. Ev. 313; Durham v. Pettee, 8 N. Y. 508; Nichols v. Knowles, 18 N. W. Rep. 413; Wendall v. Osborne, Id. 709; Worden v. Sycamore Harvester Co., 7 N. W. Rep. 756.

Mr. L. HARMON, for defendant in error.

C. B. SMITH, J.    This was an action in assumpsit brought by appellant against appellee, upon three promissory notes, executed by appellee in payment of a certain traction engine and separator bought by appellee from C. Aultman & Co. Two of the notes were each for $533, and the other for $534, and they were payable respectively December 1, 1881, December 1, 1882, and December 1, 1883, and all payable to appellant. These notes were not all due when this suit was begun upon the first one. There was a stipulation entered into that the plaintiff might amend his declaration and declare upon all the notes, as if they were due, without objection upon that ground, and that defendant should then plead the general issue, and give in evidence under that plea any and all evidence which might be given under any special plea well pleaded.

The sale was made through G. W. Rouse, agent for appellant at Peoria. A trial was had before the court and a jury,

Aultman & Co. v. Wykle.

which resulted in a verdict for the plaintiffs for the sum of $128.81. The plaintiffs not being satisfied with this verdict moved the court for a new trial, but the court overruled the motion and entered judgment on the verdict, to which appellant excepted, and now brings the case here upon a writ of error and asks for its reversal.

The purchase of the engine and separator was made upon one of the printed orders and contracts of appellant, and after it had been carefully filled up with everything included in the purchase, it was addressed to appellant and signed by appellee, and forwarded to appellant's shops, in Canton, Ohio, and in due time the machinery called for in the order and contract was delivered to appellee, and he executed the three notes above described in payment for such machinery, and delivered them to appellant or to Rouse for appellant. The machinery was ordered and sold under a printed warranty set out in the contract and signed by appellee when he ordered the machinery. No question arises upon any part of said contract, except the clause relating to the warranty, which is as follows:

"Warranty.—The above machinery to be warranted, with proper usage and management, to do as good work as any other of its size made for the same purpose in the United States, and to be of good material and durable, with proper care. If inside of five days from the day of its first use, the said machine shall fail to fill said warranty, written notice shall be given to C. Aultman & Co., Canton, Ohio, and also to the local agent of whom machine was purchased, stating wherein it fails to fill the warranty, and a reasonable time allowed to them to get to the machine and remedy the defect, if any there be (if it be of such nature that a remedy can not be suggested by letter), the undersigned rendering necessary and friendly assistance.

"If the machine can not be made to fill the warranty, it shall be returned by the undersigned to the place where received, and another furnished which shall perform the work, or the money and notes which shall have been given for the same to be returned, and no further claim to be made on C. Ault-

man & Co. If within five days from its first use the above ordered clover hulling and cleaning attachment shall fail to perform its work as above warranted, and C. Aultman & Co. fail to make it work after notice has been given as above provided, it is to be returned to the place where received, and the money or notes given for the same are to be returned to the undersigned. It being especially understood and agreed that the failure of the said clover hulling and cleaning attachment to perform its work as warranted shall not condemn or be grounds for returning any part of the above machinery, except the said clover hulling and cleaning attachment.

"It is further mutually understood and agreed that continued use of said machinery after the expiration of the time named in the above warranty, shall be evidence of the fulfillment of the warranty and full satisfaction to the undersigned, who agrees thereafter to make no other claim on C. Aultman & Co. And, further, that if the above named machinery, or any part thereof, is delivered to the undersigned before settlement is made for the same, as herein agreed, or any alterations or erasures are made in the above warranty, or in this special understanding and agreement, the undersigned waives all claims under warranty. L. H. Wykle."

The only defense made to these notes upon the trial was the alleged failure of the warranty, in that the machine did not do good work. Upon the trial a great many witnesses were sworn and examined as to the character and quality of the work done by the machine. In the view we take of the case it is unnecessary to go into that branch of the case. It will be seen that the warranty under which appellee bought this machine limited him to five days' use of it, after it was first used, and if within that time it failed to fill the warranty, then it was the duty of appellee within that time to give written notice to C. Aultman & Co., Canton, Ohio, and also within the same time to give notice to the local agent (Rouse), of whom the machine was purchased, in which notices it should be stated in what respect the machinery failed to fill the warranty, and that thereafter a reasonable time should be

given to the seller to get to the machine and remedy the defects, if any. The warranty in another clause provides "that the continued use of said machinery, after the expiration of the time named in the above warranty (five days), shall be evidence of the fulfillment of the warranty and full satisfaction to the undersigned (L. H. Wykle), who agrees thereafter to make no further claim on C. Aultman & Co." These two clauses in the warranty are material and substantial parts of it, and are for the protection of the seller, and the purchaser is no more at liberty to disregard them than he is any other clause of his contract. When he made this contract he agreed that he would satisfy himself within five days whether this machine worked to his satisfaction and filled the warranty, and he further agreed that if it did not he would within that time give the notice required by his contract, and if he failed to give such notice within five days, then he agreed to release appellant from all claim of damage on account of such machinery. These provisions in this contract are too plain to admit of any argument or controversy, and need no construction. If appellee complied with these provisions of his contract, then he can be heard to show that the warranty failed; if he did not comply with them, then his mouth is closed by his own agreement, and he can not show that the machinery did not comply with the warranty. It is no answer to these requirements of the warranty that five days was an unreasonably short time to find out any defect in the machinery, and to give the notice. If that were so, appellee knew that fact as well before he signed the contract as afterward, and should have refrained from making it, if he did not intend to, or could not, comply with its terms.

Now under the proof in this case there is no claim or pretense that appellee gave any of these notices within the time limited. He himself swears that he commenced using this machine about the middle of July, and used it almost continuously until after the State Fair in the fall, and that up to that time he never made any complaint to Rouse, of whom he bought it, or sent any notice to C. Aultman & Co., at Canton, Ohio. He totally and utterly ignored that part of his contract

until he used the machine the most of the season, and threshed all the grain he could get to thresh, and then went to the State Fair and used the engine to operate machinery on exhibition until after the Fair was over, and when removing his machine and going up a muddy hill he got swamped in the mud, then for the first time he himself swears he told Rouse he would have nothing to do with the machine. This notice came long after the time he had any right to give it, and he is now estopped by the terms of his contract and from his own testimony from making the defense of a breach of warranty against these notes. Shepard & Co. v. Knowles, 31 Minn. 489 ; Shepard & Co. v. Rort, 35 Minn. 353 ; Boothley v. Scales, 27 Wis. 337 ; Upton Mfg. Co. v. Haisk, 29 N. W. Rep. 621 ; King v. Towskey, 64 Iowa, 75.

So where one seeks to enforce a warranty imposing mutual and dependent obligations and covenants, he who seeks to enforce it must show compliance on his part before he can insist on performance by his adversary. Durham v. Petted, 8 N. Y. 508; Nichols v. Knowles, 18 N. W. Rep. 413. When appellee informed Rouse that his engine had been swamped in the mud, and that he could not get it out, Rouse volunteered to assist him to get it out, and sent two men to get it out for him. Appellant then offered to prove under what circumstances his agent, Rouse, had assisted appellee, and what was said at the time, but the court refused to allow this testimony. It was sought by some means to bind appellant to some kind of an admission, or waiver of his contract, by this friendly act of Rouse in sending his men to help appellee, though in what way it could affect appellant we are not able to understand. We think appellant was entitled to this explanation of that act and it was error to refuse it.

On the trial appellant requested the court to give these instructions, but the court refused them :

"The jury are further instructed that in no case would the defendant, under the terms of the article or contract given in evidence, be entitled to damages, even if the jury find from the evidence that the machinery in question did not fulfill the warranty. For by the terms of the contract it was his duty

to give the machinery such trial as the contract contemplates, and if it failed to fulfill the warranty, to give such notices and return the machinery, as the contract provides, and if he neglected to give the notice or return the machinery in the manner provided by the contract, but continued to keep and use it even to his own detriment, he is not entitled to any damages either as a set-off against the notes or otherwise.

" The jury are further instructed that the provisions of the warranty clause contained in the order or agreement given in evidence concerning the purchase of the machinery in question in this suit, that the defendant should, 'inside of five days from the day of the first use by him of said machinery,' give notice of any failure of said machinery to fulfill the warranty to the plaintiff and to the local agent of whom he purchased it, and that the continued use of said machinery after the expiration of the said time should evidence a fulfillment of the warranty and satisfaction to the defendant, is just as binding and conclusive upon the parties as any other provision of the contract, and the jury can not lawfully find that the same has been waived or released, unless they believe from the evidence that there is a preponderance of all the evidence in the case that the same has been released or waived."

These instructions proceeded upon a correct construction of the warranty, and should have been given, and it was error to refuse them. Other instructions were asked by appellant embodying the same idea or construction, but they were all refused or modified, so as to make them erroneous.

The court, on its own motion, gave the following instruction: " The jury are instructed that the machinery sold under the written contract by the plaintiff to the defendant is warranted thereby to the defendant with proper usage and management by the defendant to do as good work as any other machine of its size made for the same purpose in the United States, and to be of good material and durable, with proper care. Under the said contract and warranty the defendant had the right to take and use the machinery in a reasonable and careful manner in the business and work for which it was manufactured and sold by plaintiff to him for a

reasonable length of time, for the purpose of testing fairly its sufficiency to perform the work for which it was designed by the terms of said contract and warranty; and it was the duty of defendant to make a test of said machinery with due care and diligence, and within a reasonable time, due care and diligence to be used. And the measure of a reasonable time for the test are matters of fact to be determined by the jury in the light of all the facts and circumstances appearing in the case, and under the law of the case as defined by the court, the care and diligence must be such as an ordinarily prudent man would use under like circumstances acting in good faith to accomplish the purposes of such test of the sufficiency of such machinery."

It will be seen that this instruction utterly ignores every condition in the warranty for the protection of appellant, and instead of limiting the right of trial to five days, it tells the jury appellee had a right to use it a reasonable time for the purpose of testing its sufficiency to do the work for which it was made. These parties had made their own contract and they were bound by it, and the court had no right to inform the jury that appellee could repudiate that contract. The court gave the jury another instruction at the instance of appellant, in general terms, to the effect that the parties were bound by the terms of their contract, but before giving it added these words: "Unless the plaintiff had waived it." This modification was erroneous, for there is no evidence in the record that appellant ever waived any of the terms of the warranty either by word or deed.

A great multitude of instructions were asked, some given, some refused and some modified, and many of them drawn out at great length.

A discussion of each of them would serve no useful purpose. In those we have considered we have sufficiently indicated our views as to the law governing the case, so as to enable the court upon a subsequent trial to correctly apply the law, so that the parties shall be bound by the terms of their agreement. Because the verdict and judgment is mani-

festly against the evidence and the law, and because of the erroneous rulings of the court upon the admission of the evidence above indicated, and for refusing proper and correct instructions for appellant, and giving erroneous instructions for appellee, this judgment will be reversed and remanded.

