## JOHN N. KARALIS v. JAMES AGNEW.[1]

July 22, 1910.

Nos. 16,655—(171).

**Conditional sale — equitable interest of vendee assignable.**

The vendee of personal property under a conditional sale contract, by the terms of which the legal title remained in the vendor until the purchase price was paid, *held* to have had, after possession was taken and payment of a part of the purchase price, an equitable interest in the property, which he could convey, subject to the rights of the vendor.

**Same — waiver of condition.**

A conditional sale contract provided that no sale of the property should be made by the vendee without the written consent of the vendor. *Held,* that the provision for written consent could be and was waived in this case.

**Abandonment by mortgagor — right of mortgagee.**

Where the mortgagor has abandoned the property covered by the mortgage, and the indebtedness secured thereby is unpaid, the mortgagee may lawfully take and retain possession of the property in the protection of his interests under the mortgage.

[1]Reported in 127 N. W. 440.

Action in the district court for Hennepin county to recover possession of certain property, or for the sum of $450, the value thereof, in case delivery could not be had and for $15 damages for the detention thereof. The answer alleged that at the time plaintiff demanded possession of the property, to wit, April 29, 1909, defendant was in possession as owner and mortgagee in possession under two mortgages given by the then owner to John J. Barnidge on May 1, 1908, which two mortgages were duly and properly recorded on May 4; that defendant did not then know and learned for the first time after the commencement of the suit and after the service of the writ that plaintiff had purchased the contract and lien held by Boutell Bros., which was a lien prior to the lien and title of defendant; that immediately upon learning of the purchase defendant offered to plaintiff the amount of the Boutell contract and the costs of this suit to that time and had since repeated the offer, which plaintiff refused to accept and demanded payment of his mortgage in addition to said Boutell contract. Defendant denied that said property was worth the sum of $450 or any greater sum than $100. The reply denied that on April 21, 1909, defendant was in possession of said property as owner or as mortgagee, but admitted the tender of the amount due upon the Boutell contract as alleged in said answer and refusal of plaintiff to accept the same. The case was tried before Charles L. Smith, J., who made findings of fact and as conclusion of law ordered judgment in favor of defendant. From the judgment so entered, plaintiff appealed. Affirmed.

*Morrison & Crawhall,* for appellant.

*Frank W. Booth,* for respondent.

BROWN, J.

Action in the municipal court of the city of Minneapolis to recover possession of certain personal property, in which defendant had judgment, and plaintiff appealed.

The facts are as follows: One Barnidge purchased the property in question of Boutell Bros. under a written contract, the terms of which provided that title thereto should remain in the vendors, Boutell Bros., until the purchase price was fully paid. The purchase

price was $400, and payable in instalments at times stated in the contract. The contract was duly filed. Barnidge subsequently sold the property, and all his right and interest therein, together with other property, to one Mihalopolis, taking from him as security for the purchase price a chattel mortgage upon the property for the sum of $300. Boutell Bros. orally consented to this sale, and to the mortgage, which was duly filed. The record is not quite clear whether Mihalopolis gave one or two mortgages to Barnidge. The trial court, in its findings, makes a specific reference to a mortgage for $400, and later on speaks of "said mortgages," and the stipulation of facts also makes reference to two mortgages; but whether there were one or two is not of controlling importance. The Mihalopolis mortgage was sold and assigned by the mortgagee, Barnidge, to the defendant in this action, who thereafter—Mihalopolis having abandoned the property—took possession thereof for the protection of his interests under the mortgage. The assignment of the mortgage to defendant was duly filed. Defendant was so in possession of the property, claiming under this mortgage, at the time plaintiff acquired whatever rights he now has in and to the same. After having so mortgaged the property to Barnidge, and subsequent to the time when he wholly abandoned the same, Mihalopolis, on March 31, 1909, by written instrument for that purpose, assigned to plaintiff herein all his right in and to the property and all his right in and to the Boutell contract of sale. After acquiring these rights in this manner, plaintiff demanded possession of the property from defendant, claiming the right of possession under his purchase from Mihalopolis. Thereafter plaintiff paid the balance due under the Boutell Bros. contract and procured from them an assignment of the same. Plaintiff then brought this action. Subsequent to its commencement, and before the trial, defendant tendered to plaintiff the amount due under the Boutell contract, which plaintiff refused to accept, and defendant then brought the money into court for his use and benefit.

The principal question involved in the case centers around the Mihalopolis mortgage. It is contended by plaintiff that the mortgage was an absolute nullity: First, because Mihalopolis had no title

or interest in the property which he could convey by mortgage or otherwise; and, second, that the mortgage, if otherwise valid, was a nullity, because made without the written consent of Boutell Bros. By the terms of the Boutell contract the legal title to the property remained in the vendor until payment of the purchase price by the vendee, and the contract expressly provided that no sale of the property should be made by the vendee until such payment had been made. At the time this controversy arose the greater part of the purchase price had been paid. While the contract is quite specific on this subject, yet it cannot well be contended that no right or interest, legal or equitable, passed to the vendee.

The authorities hold, in actions involving contracts of this character, that though the legal title remains in the vendor, and the vendee is expressly forbidden to sell or transfer the same without the consent of the vendor, an equitable title or interest passes to the vendee, which he may deal with at will, subject, of course, to the rights of the vendor. An equitable title is a right possessed by a person to have the legal title to property transferred to him upon the performance of specified conditions. That this right existed under the contract here before the court cannot be questioned. The original sale of the property, or, more properly speaking, perhaps, the agreement of sale, was to Barnidge, who transferred his right to Mihalopolis, with the express consent of the vendor. Under the terms of the contract the vendee had the right to have the legal title transferred to him upon payment of the purchase price. His assignee, Mihalopolis, had the same right. And, moreover, the right of sale is by the contract in question expressly recognized; the only restriction to the exercise thereof being that the vendor's written consent shall be obtained. Mihalopolis, therefore, had an equitable interest in the nature of a title which he could convey, and his mortgage to Barnidge was valid, unless rendered invalid by the absence of written consent to its execution by Boutell Bros. 2 Schouler, Personal Property, 302; 35 Cyc. 668, and cases cited.

The clause in the sales contract, relied upon to sustain the claim that the Mihalopolis mortgage was a nullity, provides that the purchaser shall not sell, assign, or transfer the contract, or the property

purchased thereunder, without the written consent of Boutell Bros. Without stopping to consider whether this restriction would preclude or bar the right of the vendee to convey his equitable interest in the property without procuring the necessary consent, we come directly to the question whether the terms of the contract in this respect could be waived by the vendor.    We answer the question in the affirmative. The evidence is clear that the sale of the property by Barnidge to Mihalopolis, and the execution of the mortgage by the latter, was expressly assented to by Boutell Bros.    The consent was given orally, and not in writing; but under well-settled principles of law the absence of the writing is not fatal to the validity of the consent.    The provisions of the contract in this particular were for the benefit of Boutell Bros., and could be waived.    That they were waived is clear. Nichols, Shepard & Co. v. Root, 35 Minn. 363, 29 N. W. 160; Nichols, Shepard & Co. v. Knowles, 31 Minn. 489, 18 N. W. 413.    The waiver was not an oral modification of the contract, as contended by plaintiff.    Boutell Bros. simply relinquished a right they might have insisted upon.    The Mihalopolis mortgage was therefore valid, and vested in defendant, assignee thereof, the right to possession of the property, unless the plaintiff, at the time he demanded the same, had some superior right.

2. There can be no serious question respecting the rightfulness of defendant's possession.    Mihalopolis had abandoned the property, and the defendant, holder of the mortgage thereon, had the lawful right to take possession of the same in the protection of his interests under the mortgage.    At the time plaintiff made his demand, he possessed only the title of Mihalopolis, the mortgagor, and occupied no better position than his grantor.    He made no offer, when demanding the property, to pay the mortgage indebtedness, and without discharging the debt he could not lawfully deprive the mortgagee of his right of possession for the purpose of foreclosing the mortgage. Plaintiff did not become the owner of the Boutell contract until after he demanded the property of defendant, and he cannot be heard to assert that the demand for possession was valid because he subsequently acquired a superior right to the property.

Judgment affirmed.