PLEASANTS and another vs. ROHRER.

The legislature may extend the time within which actions may be brought to recover possession of lands sold for taxes, as to all cases where the action is not already barred, though it cannot give a new right of action where the period of limitation has already expired.

Chap. 197, Laws of 1859, was not invalid, as applied to the former class of cases, although by its terms it was equally applicable to the latter.

ERROR to the Circuit Court for *Winnebago* County.

Ejectment, commenced September 7, 1860, by *Pleasants* and *Brent* against *Rohrer*. The plaintiffs made out a *prima facie* case by tracing their title to the United States. The defendant relied upon adverse possession under two tax deeds executed to his grantor, one recorded June 2, 1856, and the other June 2, 1857. The plaintiffs objected to the reading of the deeds in evidence, on the ground of certain defects appearing on their face, which need not here be stated, as this court does not pass upon them. The circuit court admitted the deeds in

evidence, holding "that the statute of limitations had run upon them, and vested an absolute title in the grantee and his assigns, before the commencement of this suit;" and so charged the jury. Verdict and judgment for the defendant.

*M. A. Edmonds*, for plaintiffs in error.

*A. L. Collins*, for defendant in error.

[No printed brief on file.]

*By the Court*, COLE, J. We are of the opinion that the circuit court was in error in holding that the statute of limitations had run upon either of the tax deeds offered in evidence on the trial, and that the title under those deeds had become absolute and perfect at law. It is not claimed that either of the tax deeds had been recorded three years when chapter 197, Laws of 1859, took effect. That statute extended the time within which the owners of land sold for taxes might bring an action to recover possession of the same, three years from the passage of the act. Before the expiration of this extended period, and while this law was in force, this suit was commenced. The power of the legislature to extend the period of limitations as to all causes of action which by the existing law are not barred, is unquestionable. See case of *Osborn vs. Jaines*, ante., p. 573 ; *Clark vs. Clark*, 10 N. H., 380 ; *Gilman vs. Cutts*, 3 Foster, 376 ; *Willard vs. Harvey*, 4 id., 344 ; *Call vs. Hagger*, 8 Mass., 423 ; *Smith vs. Morrison*, 22 Pick., 430 ; *Winston vs. McCormick*, 1 Ind., 8 ; *Smith vs. Packard*, 12 Wis., 371. The above are a few of the many authorities which might readily be cited to the point that it is perfectly competent for the legislature to enlarge or abridge the period within which actions shall be barred, and pass laws affecting even existing demands, providing a reasonable time is given, after the new law takes effect, to bring suit. The statute of limitations might therefore be changed by an extension of the time within which a party could bring his action to recover property sold for taxes. When the period of limita-

tion has expired, then we have held that the legislature could not give a new cause of action, without destroying and taking away a vested right, which exceeds its legitimate powers. *Sprecker vs. Wakeley*, 11 Wis., 432. And the fact that the action in this case was not barred by the existing law when the time for bringing the action was extended by chap. 197, renders the decision in *Sprecker vs. Wakely* inapplicable. In the latter case the period had elapsed, and the right acquired under the tax deed had become vested and absolute. This circumstance renders the two cases clearly distinguishable. It is suggested that the decision in *Sprecker vs. Wakeley* must have a broader application than one which would make it merely apply to a case where the action was barred when chap. 197 was passed. It was not intended in that case to deny the power of the legislature to enlarge the period for bringing the action when the statute had not run. It is true, the language of the act of 1859 is sufficiently general to include a case where the action was barred, as well as one where it was not. But we do not suppose this is a sufficient reason for holding the law inoperative and void in every case. It may be held valid and applicable to that class of actions where it was competent for the legislature to extend the time for bringing suit.

We therefore think the circuit court improperly charged the jury that, if they believed the evidence, the statute of limitation had run upon the tax deeds given in evidence, and had vested the title to the lands in the defendant.

The judgment of the circuit court is reversed, and a new trial ordered.