## LINDSAY AND OTHERS VS. FAY.

TAX DEEDS—STATUTE OF LIMITATION : (1) *Grantee in tax deed acquires title after statutory bar complete.* (2) *Distinction between paying taxes and redeeming from them.* (3) *What law determines effect of tax deed.* (4) *Date of sale (as recited in the deed) evidence of the date of certificate.*

1. Where the bar of the statute of limitation is complete, in favor of the grantee in a tax deed, he has an absolute title to the land, which cannot be defeated by a statute subsequently enacted.
2. Under the laws of 1844 (p. 22, sec. 12), an action for the recovery of lands forfeited for taxes was required to he commenced within three years from the recording of the tax deed, "except in cases where *the taxes shall actually have been paid.*" *Held*, that the exception does not include a case where *the land was redeemed* before the recording of the deed.
3. The present case was, however, governed by sec. 23, on p. 49, of the Territorial Statutes of 1839, which was in force in 1842, when the land was sold, and which requires redemption to be made within two years after the date of the certificate of sale.
4. Where the tax deed recites that the land was sold on a certain day, that must be presumed (in the absence of other evidence) to have been the date of the certificate of sale.

APPEAL from the Circuit Court for *Dodge* County.

Ejectment. The facts will sufficiently appear from the opinion. The form of the tax-deed under which plaintiffs claimed will be seen by reference to the report of a former appeal in the same cause, in 25 Wis., page 460.

Judgment against the defendant; from which he appealed.

*A. Scott Sloan* and *E. P. Smith*, for appellant, insisted that the evidence showed payment of the tax of 1842, prior to the issue and delivery of the deed of 1844, or that there was at

least evidence upon that question upon which it should have been submitted to the jury. As the law stood at the date of this deed, the party claiming under it would be bound to prove the regularity of all proceedings prior to its issue, and therefore would be bound to prove the date of the certificate of sale, as the deed could not issue until two years from that date (Ter. Stat. 1839, p. 49, § 23), and during that time redemption might be made. The statute of 1849 does not make the deed *prima facie* proof of any fact that is *not therein recited;* nor does it nor can it make the deed *prima facie* proof of its own regularity in respect to the time of its execution. The deed itself should have shown the date of the certificate. 2. They argued that § 23, above cited, should be construed liberally in behalf of the owner of the land, according to its spirit; and that, so construed, it permitted redemption to be made at any time before the deed was delivered to the grantee (Broom's Leg. Max., Reg. 10; *Livingstone v. Stickles,* 7 Hill, 255; *Jones v. Collins,* 16 Wis., 605; *Edgerton v. Bird,* 6 Wis., 538; Simmons' Dig., 538, § 138); and that there was evidence in this case from which the jury might and would have found that said tax-deed of 1844 was not so delivered until after the redemption of the land. 3. They further argued that, the deed being void on its face, the title did not pass to the grantee until after three years' possession under it, and the owner had a right to redeem at any time before the title passed. 4. They contended that by sec. 4, p. 15, Laws of 1844, the owner of the land was entitled to redeem at any time before the tax-deed was *recorded;* and this statute was valid, since it merely extended the time for redemption, and was passed a sufficiently long time before the limitation fixed by previous statutes had expired. *Pleasants v. Rohrer,* 17 Wis., 577; *Osborn v. Jaines,* id., 576.

*J. F. McMullen,* for respondents:

1. The law in force at the time of the sale prescribing the period of redemption and the time when the purchaser would be entitled to his deed, governs the contract of sale; and any

subsequent statute, by which the legislature undertakes to extend the period of redemption as to that contract, is void. So far as § 4, p. 15, Laws of 1844, attempted to extend the time for redemption upon sales made before its passage, it was void. *Robinson v. Howe,* 13 Wis., 341; *Nelson v. Rountree,* 23 id., 367; *State ex rel. Knox v. Hundhausen,* id., 508; *Kearns v. McCarville,* 24 id., 457; *Smith v. Cleveland,* 17 id., 556 (569); *Bruce v. Schuyler,* 4 Gilman, 221 (275); Wheaton's Elements of Int. Law, 193.

2. Sec. 12 on page 22, Laws of 1844, permits the former owner to bring his action after three years' possession under the tax deed, only in cases " where the taxes shall have actually been paid." It is admitted that this section is the law of the present case. But our statutes respecting taxation always make a distinction between payment of the tax and redemption of the land; and the provisions of law which apply to one, do not apply to the other, unless so expressed. See secs. 11 and 13 in the act referred to; R. S., ch. 59, secs. 1, 17 et seqq.; R. S., ch. 15, sec. 132, etc.

Lyon, J. This is an action to recover the possession of certain real estate in the county of Dodge. The plaintiffs derive title through a tax deed of said premises, executed by the clerk of the board of supervisors of that county, to their intestate, David Lindsay, on a sale thereof for the unpaid taxes thereon for the year 1842. This deed was executed December 13th, 1844, and was recorded on the 20th of the same month. The sale was made, as appears by the recital in the deed, December 12th, 1842. David Lindsay went into the actual possession and occupancy of the land in 1845, and continued to occupy and possess the same until his death in 1849, claiming title thereto under his tax deed; and after his death his family continued in actual possession for several years, and until 1856, or about that time. .

On a former trial the plaintiffs recovered judgment, and on appeal to this court the judgment was affirmed. 25 Wis., 460.

This court there held that the statute of limitations contained in the Revised Statutes of 1849, chap. 15, sec. 123, had run upon such tax deed in favor of the plaintiffs, and vested in them a perfect title to the land.

The defendant took a new trial, under the statute, and amended his answer by inserting therein allegations that the land was redeemed from such tax sale prior to the issuing and recording of such tax deed; and that said taxes were fully paid.

On the second trial, the defendant gave no evidence tending to show that the taxes of 1842 had been paid; but he introduced evidence tending to show that on the 20th day of December, 1844, and a few hours before the tax deed to David Lindsay was left at the office of the register of deeds for record, the original owner of the land redeemed or attempted to redeem the same, by depositing with the clerk of the board of supervisors of Dodge county, for that purpose, the requisite sum of money. With these exceptions the pleadings and evidence were substantially the same on the last as on the former trial. The circuit judge directed the jury to return a verdict for the plaintiffs, which was accordingly done, and judgment thereon was duly entered. The defendant appeals from such judgment to this court.

Conceding, for the purposes of the argument, that the defendant made a valid redemption of the land from the tax sale of 1842, one question to be considered is, whether that fact takes this tax deed out of the operation of the statute of limitations on that subject.

The law which was in force when the tax deed was issued to David Lindsay, and which counsel for defendant claim controls this case, was as follows: "Any action for the recovery of lands or town lots and tenements forfeited for taxes, except in cases where the taxes shall actually have been paid, shall be commenced within three years from the recording of the deeds of sale, and not thereafter." Laws of 1844, p. 22, sec. 12. This

act was approved January 27th, 1844, and remained in force until the revised statutes of 1849 took effect, or rather until chapter 15 of that revision took effect, which was on May 1st, 1849. The provision on the same subject contained in that revision is as follows: "Any suit or proceeding for the recovery of lands sold for taxes, except in cases where the taxes have been paid, *or the lands redeemed as provided by law*, shall be commenced within three years from the time of recording the tax deed of sale, and not thereafter." Chap. 15, sec. 123.

It will thus be seen that the limitation prescribed by the law of 1844 had fully run in favor of David Lindsay before that law was repealed, unless it can be held that the redemption in 1844 was a payment of the tax within the meaning and intent of that law; for, unless the taxes of 1842 were " actually paid," the bar of the statute was complete on the 20th day of December, 1847, and the tax deed then vested in David Lindsay an absolute and indefeasible title to the land as against the original owner thereof, under whom the defendant claims. It requires no argument to demonstrate that in such case David Lindsay, and the plaintiffs who claim under him, cannot be affected by the provisions of the revised statutes of 1849, above quoted. It has been repeatedly so held by this court. *Sprecker v. Wakeley,* 11 Wis., 432; *Hill v. Kricke,* id., 442; *Pleasants v. Rohrer,* 17 Wis., 577.

Was such redemption an actual payment of the tax? It was said by the chief justice, in *Woodbury v. Shackleford,* 19 Wis., 55, that " it is a settled principle in the construction of statutes of limitation, that general words are to have a general operation; and unless there can be found in the statute itself some ground for restraining it, it cannot be restrained by arbitrary addition or retrenchment. No exceptions can be claimed by or in favor of particular persons or cases, unless they are expressly mentioned." (p. 60.) *See cases there cited.* Applying these rules to this case, the conclusion seems inevitable, that a redemption of the land is not a payment of the tax. To hold otherwise would be

to restrain the operation of the statute "by arbitrary addition," which the rule of law forbids.   There seems to be a wide dif-ference between the payment of the tax by the owner of the land, and the redemption of the land by him after it has been sold for non-payment of the taxes assessed upon it. There is really no tax to be paid when land is thus redeemed.   That has been cancelled by the sale.   The redemption is the payment to the holder of the certificate of an incumbrance which he thereby has upon the land, and does not seem to be the payment of a tax, in any correct sense of that term.   I think that the only persons included in the exception or saving clause of the law of 1844, are those who paid their taxes before their lands were sold and a certificate of sale issued.

I have perhaps said more than was necessary upon the con-struction of the law of 1844; yet inasmuch as the counsel for the defendant claim that it is applicable to the case, it seemed to demand something more than a passing notice.

But whether the opinions here expressed are sound or unsound, becomes immaterial in the view which we have taken of the law of this case.   We think that the case is governed by the provisions of the revised statutes of 1839, p. 49, sec. 23, which was in force when the certificate of sale was issued.

The decision of this court in the case of *Robinson v. Howe*, 13 Wis., 341, is conclusive on this point, and leaves no room for argument.

The statute last mentioned gave two years after the date of the tax sale certificate, in which the owner might redeem from the sale.   Taking the recital in the deed as true (and we think that it is *prima facie* evidence of the fact), such sale took place December 12th, 1842, and that would be the proper date of the certificate.   In the absence of any other evidence on the subject, we must presume that to have been the date of such certificate. The time for redemption, therefore, had expired when the deed was issued, on the 13th day of December, 1844, and the

attempted redemption on the 20th day of that month was entirely nugatory and inoperative.

There being no valid redemption from the tax sale, the statute of limitations had run in favor of David Lindsay, and no action could have been maintained against him to recover the lands in controversy, which he held under his tax deed, after December 20th, 1847. The title which then became perfect in him descended to his heirs; and those of them who are not barred by some other statute of limitation may recover their proportionate interest in the premises. These plaintiffs, to the extent of their claim in this action, are not so barred.

We find no error in the proceedings in the circuit court, and the judgment of that court must be affirmed.

*By the Court.*—Judgment affirmed.