## PETER KOHLE v. W. P. HOBSON, Appellant.

### Division Two, December 15, 1908.

1. **COTENANCY: Purchase of Outstanding Title: Community of Interests: Possession.** Where the land was assessed for taxes against the owner prior to her death and sold for failure to pay taxes after her death, a purchase by one of her heirs at the tax sale inures to the benefit of all as cotenants, but the purchaser is entitled to a lien on the interests of the others to compel contribution. And that is true though the deceased owner's husband was in possession under his curtesy right. Such lifetime use was not adverse to the cotenants.

2. ————: ————: ————: **Husband of Heir.** And where the purchaser at the tax sale was not an heir, but the husband of an heir, he will be treated as a cotenant. His purchase was for her, and inures to the benefit of all the cotenants.

3. ————: ————: ————: ————: **Tax Sale: Purchase of Certificate.** And where a certificate of purchase was issued to the purchaser at the city tax sale, entitling him to a deed if the taxes and costs were not paid within two years, the heirs of the deceased owner against whom the property was assessed, are entitled to redeem; and if one of them, or the husband of one of them, purchases that certificate within the two years and before the tax deed is made, his purchase inures to the benefit of all the heirs as cotenants. In such case his obligations to the heirs as cotenants are the same as they would be had he, instead of purchasing the certificate of purchase from the actual purchaser at the tax sale (a third party), purchased himself at the tax sale.

4. ———: ———: ———: Limitations: Three Years: Curtesy. Nor is the cotenant's right to have the court adjudge that the purchase at the tax sale inured to his benefit barred by the provisions of the city charter requiring suits to recover any interest in the property sold at the city tax sale to be begun within three years after the recording of the tax deed, if the husband of the cotenants' intestate has, up to the time of the bringing of the suit, though three years after the deed was recorded, a curtesy interest therein, for that life estate is not adverse to the cotenants, and so long as it lasts the cotenants as such are not entitled to possession. And where one of the cotenants acquires this life estate by purchase he cannot invoke this statute of limitations as a defense to the suit of another cotenant to have his coparcenary interest established in the land in spite of the defendant's tax deed.

Appeal from Jackson Circuit Court.—*Hon. Edward P. Gates*, Judge.

Affirmed.

*E. P. Garnett* for appellant.

(1) There was nothing to preclude defendant from acquiring a valid tax title to plaintiff's interest in the property. The taxes were assessed and became due during the life of Mrs. Kohle. There was no obligation, legal, moral or otherwise, resting on defendant to pay these taxes. When defendant acquired his tax title he was not in possession of the premises. Mr. Kohle, the life tenant, was in possession enjoying the rents and profits thereof. There was no relation of trust and confidence between plaintiff and defendant. Where one is under no obligation to pay the taxes for which land is sold, he can purchase at such sale and rely on the title thus obtained. Atkinson v. Dixon, 89 Mo. 464; Childers v. Schautz, 120 Mo. 305; Pickering v. Lomox, 120 Ill. 289; Lybrand v. Haney, 31 Wis. 230; Blackwood v. Van Vleit, 30 Mich. 118; Coxe v. Gibson, 27 Pa. St. 160; Boynton v. Veldman, 91 N. W. 1022; Wright v. Sherry, 21 Wis. 331; Watkin v. Green,

101 Mich. 493. It may be true that when there is a joint obligation and duty between cotenants in possession to pay the taxes, one cotenant cannot by neglecting this duty permit the land to be sold for taxes and acquire a tax title under such sale. "It is to be noted, however, that in each of the cases cited, and in others when the like rule is declared, the cotenants were in possession and each was charged with the duty of protecting the joint estate. And it is under such circumstances that payment by one cotenant is held to be presumably for the benefit of all, and he who pays may charge the several interests of his cotenants with the proportionate parts which such cotenants should have paid." Cooley on Taxation, 467; Crawford v. Meis, 123 Iowa 610; Oswald v. Wolf, 129 Ill. 200; Blackwood v. Van Vleit, 30 Mich. 118. When the husband is in possession of the land with his wife enjoying the rents and profits thereof, it becomes his duty to use the proceeds of the rents to pay taxes, and he cannot by neglecting this duty suffer the land to be sold for taxes and acquire tax title thereto either against his wife or her cotenant. Burns v. Byne, 45 Ia. 285. Tenants in remainder, having no right of possession at the time of the tax assessment, may acquire tax title for their exclusive benefit as against their cotenants in remainder. Wright v. Sperry, 21 Wis. 331; Watkins v. Green, 101 Mich. 493. (2) This suit not having been "commenced within three years from the time of recording of the tax deed," and "within one year after the removal of" plaintiff's disabilities, cannot be maintained. Sec. 60, Kansas City Charter. This charter provision is an absolute and complete bar to plaintiff's recovery. Hill v. Atterburry, 88 Mo. 114; Allen v. White, 98 Mo. 55; Francis v. Grote, 14 Mo. App. 324; Skinner v. Williams, 85 Mo. 489; Waggoner v. Mann, 83 Ia. 17; Bemis v. Plato, 119 Ia. 127; Pillow v. Roberts, 54 U. S. 472.

*L. H. Waters* and *Daniel W. Brown* for respondent.

(1) A person placed in a situation of trust and confidence with respect to the subject of the purchase cannot retain the purchase price for his own benefit. Hickman v. Link, 97 Mo. 493; Herrin v. Henry, 87 S. W. 430. No court of law or equity could ever permit so gross an abuse of the marriage relation. Swisshelm's Appeal, 56 Pa. St. 475. Before the tax sale, defendant's wife was the owner of an eighth of the premises, and before the time for redemption from the tax sale had expired, defendant acquired her brother James' eighth interest in the premises. "It is a general rule, founded on the requirements of good faith, that anyone interested in land with others, all deriving their titles from a common source, cannot acquire an absolute title to the land by a tax deed to the injury of the others." Chrisman v. Hough, 146 Mo. 111; Woodbury v. Swan, 59 N. H. 22; Hinters v. Hinters, 114 Mo. 29; Black on Taxes (2 Ed.), 278, 279. And no other distinction on principle can be made between the case where such title is procured at first hand, or from the purchaser at the sale. Black on Tax Titles, sec. 262; Cooley on Taxation, 503; Desty on Taxation, 229; Frank v. Caruthers, 108 Mo. 573. (2) No statute of limitation can be invoked by a tenant for life, nor by his grantee during the existence of the life estate.

BURGESS, J.—This is a suit to determine the title to an undivided one-eighth interest in the north twenty-five feet of lot 11, block 8, in Merriam Place addition to Kansas City, Missouri.

The facts are as follows: Mrs. Winnefred Kohle, owner and in possession of the premises in controversy, died on April 26, 1891, intestate, leaving eight children as her only heirs, the plaintiff being one of the

heirs, and the wife of defendant being also one of the heirs. The decedent's husband, George Kohle, who survived her, was left in possession of the property, holding the life estate by curtesy.

The defendant claims title under a tax deed, dated November 16, 1894, and recorded in the recorder's office of Jackson county, Missouri, on November 27, 1894. The property was sold 'for the city taxes of 1892, and a certificate of purchase issued November 17, 1892, to E. D. Latimer, the purchaser, who on September 19, 1893, assigned his certificate of purchase, "and all his right, title and interest" in the property, to the defendant. At the time of the sale, said George Kohle, as life tenant by the curtesy, was in possession of the property, and was also in possession when the defendant obtained his tax deed, and continued in possession until February 1, 1895, when he made a quit-claim deed to defendant and turned over to him the possession.

The rental value of the property at the time George Kohle sold his life estate to defendant was $30 per month. Mr. Kohle testified that the consideration of the sale of his life estate was $60 cash, and defendant's agreement that he would keep the plaintiff, George Kohle's youngest son, until he became of age, when the defendant was to turn over to him his share in the property. Plaintiff became of age on November 19, 1901, over three years before the filing of this suit.

On March 30, 1894, one of the heirs, by warranty deed, conveyed to defendant his one-eighth interest in the property, and at different times during the years 1895 and 1897 the defendant procured deeds from all the remaining heirs, except the plaintiff.

The court rendered judgment in favor of plaintiff, and against defendant for costs. Defendant appeals.

As a general rule, one tenant in common cannot

purchase, for his own exclusive use and benefit, an interest in real estate which is the common property of himself and others; but when he does so he holds the title thus acquired as the trustee for the use and benefit of his cotenants, who may compel him to convey to them their respective interests, upon refunding to him the amount expended in the acquisition of the title and costs attending the sale and execution of a deed or deeds to the party or parties interested.

In Hinters v. Hinters, 114 Mo. l. c. 29, it is said: "Tenants in common occupy a confidential relation to each other, and because of this relation there is an implied obligation on the part of each to sustain and protect the common title. It is, therefore, a general rule that if a tenant in common buy up an outstanding title or incumbrance, the purchase will be deemed to have been made for the benefit of all cotenants, the other cotenants being bound, however, to contribute their respective proportions of the consideration paid for the outstanding title or incumbrance. [Freeman on Cotenancy and Partition (2 Ed.), secs. 151, 156; Allen v. DeGroodt, 105 Mo. 442.]"

But it is said for defendant that the rule is otherwise where, as in this case, the person acquiring the tax title was not in possession at the time of acquiring it, and under no obligation, legal or otherwise, to pay the taxes for which the land was sold. These taxes were assessed before and became due after the death of Mrs. Kohle, who is the common source of title. When she died, on April 26, 1891, the land in question descended to her children subject to the curtesy rights of her husband, George Kohle, to whose rights and possession defendant succeeded, by purchase, February 1, 1895. Whatever possession or right defendant acquired under this purchase was not adverse to plaintiff, or to any of the children of Mrs. Kohle, it being only for the lifetime of her husband. On September

19, 1893, when defendant purchased the interest of E. D. Latimer and took an assignment of the certificate of purchase of the land, Mrs. Hobson, defendant's wife, was one of the tenants in common, and as to her he stands in such a relation that his acquisition of that title will be treated as though he were himself one of the cotenants. [Freeman on Cotenancy and Partition, sec. 160.] And this purchase being for the wife, it inured to the benefit of all her cotenants. No man can acquire and hold an adverse interest in his wife's land. In Hickman v. Link, 97 Mo. l. c. 493, this court, in speaking of the case of Swisshelm's Appeal, 56 Pa. St. 475, said: "A married woman purchased an undivided interest in certain lands subject to liens thereon, and in which lands her husband was a joint owner. Her interest was sold under the liens in her absence and purchased by the husband without her consent. Says the court in respect of this purchase by the husband: 'No court of law or equity could ever permit so gross an abuse of the marriage relation. The only effect of the purchase by the defendant was to preserve the estate for his wife, the plaintiff, and the court below was clearly right on this point.' " Moreover, the purchase by the defendant from Latimer, the tax purchaser, before he obtained a deed and before the time for redemption had expired, did not invest him with any new title or interest. The transaction was nothing more than a redemption of the land, but as the defendant paid the purchase money and took an assignment of the certificate of purchase, he is entitled to a lien upon the land to compel contribution. [Black on Tax Titles (2 Ed.), sec. 284; Lomax v. Gindele, 117 Ill. 527.] In the case last cited it is held that, where one of the tenants in common of a tract of land which had been sold for taxes, instead of redeeming directly from the sale, made an agreement with the holder of the certificate of purchase that the

latter should take out a tax deed thereon and then convey the premises to the former, which was done, the transaction amounted to but a redemption for the benefit of both tenants in common, and that a court of equity would compel the one taking a conveyance of the tax title to convey to the other one undivided half of the tax title upon payment of half the cost thereof.

The certificate of purchase did not, of course, pass the title, but only entitled the purchaser, or the defendant as his assignee, to a deed passing the title at the expiration of two years from the time of the tax sale, during which time any of the cotenants had the right to redeem the land; and defendant's purchase of the certificate of purchase, as before stated, amounted to nothing more than a redemption from that sale, and inured to the benefit of his wife and her cotenants.

The defendant further contends that as this suit was not commenced "within three years from the time of recording of the tax deed," and "within one year after the removal of" plaintiff's disabilities, it cannot be maintained.

It appears that section 60 of the charter of Kansas City provides that "any suit or proceeding by or against the purchaser at a tax sale, his heirs or assigns, for the recovery of the real property or any interest therein sold for taxes, or any suit or proceeding to defeat or avoid a sale or conveyance of real property sold for taxes under the provisions of this article, shall be commenced within three years from the time of the recording of the tax deed, and not thereafter; provided that where the person claiming to own such property or any interest therein shall be an infant or lunatic, such suit may be brought at any time within one year after the removal of such disabilities to recover the interest only of such infant or lunatic in such real property."

Defendant, however, is in no position to avail him-

self of this provision of the charter, because he holds possession under the life tenant, who was living at the time of the trial of this cause and testified as a witness at said trial, and whose possession never was adverse to the cotenants; and defendant occupies just the same position that this grantor did. The remaindermen were not entitled to possession, nor could they nor the defendant as their grantee, if he was out of possession, recover it before the life estate had terminated, and the Statute of Limitations could not begin to run against plaintiff until the life estate had terminated by the death of the life tenant. [Hall v. French, 165 Mo. 430.]

It follows that the judgment should be affirmed. It is so ordered. All concur.