State of Missouri at the relation of the City of St. Louis, a Municipal Corporation, Relator, v. William F. Baumann, as Collector of Revenue of the City of St. Louis.—153 S. W. (2d) 31.

Court en Banc, June 10, 1941.

Rehearing Denied, June 30, 1941.

*Edgar H. Wayman* and *Francis Finley* for relator.

166

*James A. Waechter* and *Donald Gunn* for respondent.

*George E. Woodruff, amicus curiae.*

DOUGLAS, J.—This is an original action in mandamus brought by the City of St. Louis against its collector of revenue to

compel him to make a deed conveying to the City certain land bought at a tax sale held under the provisions of the Jones-Munger Act of 1933. [Sec. 11117, R. S. 1939 et seq., Mo. Stat. Ann., sec. 9945, p. 7988.] This act was applicable to the City only for a short period because in 1939 it was amended so as to take the city and counties of a certain population out of its provisions. [Sec. 11183, R. S. 1939, sec. 9952a-1, p. 7995 et seq.] But this controversy arose while the law was yet applicable to the City.

■ A proceeding in mandamus is the proper remedy to compel the action sought. [State ex rel. Crutcher v. Koeln, 332 Mo. 1229, 61 S. W. (2d) 750; State ex rel. Western Union Telegraph Co. v. Markway, 341 Mo. 976, 110 S. W. (2d) 1118.]

The land involved is a city lot in St. Louis. It was advertised for sale because of taxes delinquent for 1930 to 1935. After being twice offered for sale in the two previous years with no bid, the lot was offered for sale the third time in 1937 and the City was the highest bidder for the sum of $80 and received a certificate of purchase to the lot. The two-year redemption period elapsed in 1939 without the lot being redeemed. Thereafter the City presented its certificate and demanded a deed from the collector under Sec. 11149, R. S. 1939, which provides: "If no person shall redeem the lands sold for taxes within two years from the sale, at the expiration thereof, and on production of certificate of purchase, . . . the collector of the county in which the sale of such lands took place shall execute to the purchaser, his heirs or assigns, in the name of the state, a conveyance of the real estate so sold, which shall vest in the grantee an absolute estate in fee simple, subject, however, to all claims thereon for unpaid taxes. . . ." The collector refused to execute a deed unless the City would first pay him (a) the sum of $812.71 for taxes due from 1914 to 1929 and (b) the sum of $178.14 for taxes due after 1937 and during the redemption period all under authority of Sec. 11152, R. S. 1939, which says that before a certificate-holder may apply for a deed he must pay all taxes which accrued prior to and since the issuance of the certificate.

■ The City contends that since it is a municipal corporation and a political and civil subdivision of the State and its property is not subject to taxes under the Constitution, the provisions of Sec. 11152 could not apply to it and it is entitled to the deed without first paying any taxes. If this contention is correct, it would be the duty of the collector to execute and deliver the deed demanded. If, on the other hand, the requirements of the section do apply to the City the collector properly refused to execute the deed.

Under Sec. 6 of Article X of the Constitution all of the property "real and personal, of the State, counties and other municipal corporations, and cemeteries, shall be exempt from taxation." Section 10937, R. S. 1939, ■ also declaring this exemption simply follows the

constitutional language. We have recently applied the principle so declared to exempt from taxation the property of a municipal Housing Authority. [Laret Investment Co. v. Dickmann, 345 Mo. 449, 134 S. W. (2d) 65.] But the exemption does not apply where the governmental agency holds naked legal title as trustee of a charitable trust, the beneficiaries of which constitute a limited class rather than the public as a whole. [City of St. Louis v. Wenneker, 145 Mo. 230, 47 S. W. 105, 68 Am. St. Rep. 561; People ex rel. v. The University of Illinois, 328 Ill. 377, 159 N. E. 811; McChesney v. The People, 99 Ill. 216; Comstock v. Boyle, 144 Wis. 180.]

Even though taxes have been levied and assessed against a tract of land while under private ownership, if it be afterwards acquired by a governmental agency such taxes may not be collected. [Bannon v. Burnes, 39 Fed. 892 (Western District of Missouri). And see cases cited in the notes in 30 A. L. R. 413 and 2 A. L. R. 1535.] Since the City is seeking to purchase the land in its public governmental capacity and not as a mere fiduciary, the land becomes immune from taxation as soon as the City becomes the owner of it and such immunity would extend to taxes previously assessed and levied.

The question for decision is whether the City is now such an owner of the land as is contemplated by the exemption provision of the Constitution. The City is the holder of the certificate of purchase to the land and the time for redemption has elapsed. It has presented its certificate to the collector as required and has demanded but has received no deed to the land.

We have previously passed on the office of a certificate of purchase and held that it alone did not pass title for the obvious reason title to land sold for taxes under the law of this State remains in the owner during the period of redemption. [See Donohoe v. Veal, 19 Mo. 331; Kohle v. Hobson, 215 Mo. 213, 114 S. W. 952.] In Hilton v. Smith, 134 Mo. 499, 33 S. W. 464, the period of redemption had elapsed but the holder of the certificate of purchase had never called for a deed and in interpreting the statute there under consideration in order to determine who was included within the term owner, we held that only a record owner was intended. We did say "after the period allowed for redemption has expired, as was the case here, the holder of the certificate has a mere naked right to demand and receive a deed from the collector." Granted that he has this right, there must be some interest vested in him to sustain it.

We find the general rule in equity where a contract for the sale of real estate has been entered into, thus creating the relationship of vendor and purchaser, that as to private persons the purchaser is regarded as the owner and the vendor as holding the legal title in trust for him. [In re Savings Trust Co. of St. Louis v. Skain, 345 Mo. 46, 131 S. W. (2d) 566.] However, general rules are not always applicable in cases involving tax sales because of the statutes peculiar

to such proceedings. For the same reason there is no uniformity in the rules applicable only to tax cases. In Cooley on Taxation (1924), sec. 1452, it is stated: "The rights of a purchaser under a certificate of sale are not uniform in the different states. In some he would perhaps be recognized as owner of an estate subject to be defeated on the making of the statutory redemption; in others as owner of an inchoate title which would become complete if the time for redemption expired without its being made." We believe that the latter statement is applicable to the situation before us. It has the support of the courts in a number of jurisdictions. [Appeal of Singer (Pa.), 7 Atl. 800; Woodland Oil Co. v. Shoup, 107 Pa. St. 293; Douglass v. Dickson, 31 Kan. 310, 1 Pac. 541; State ex rel. U. S. Mortgage & Trust Co. v. Godfrey (Ohio), 56 N. E. 482; Spratt v. Price, 18 Fla. 289; Dolph v. Barney, 5 Ore. 191; Lessee of Rice v. Apollos White, 8 Ohio, 216; Eager v. Pugh, 123 Okla. 207, 253 Pac. 41. See also 61 C. J., secs. 1651 and 1788.].

Under the act we are considering, a holder of a certificate of purchase is qualified to take a deed when the period of redemption has run. In effect the act vests the holder of a certificate of purchase with an inchoate or inceptive interest in the land which may ripen into such an estate as would entitle him to a deed. After the period of redemption has passed without the owner redeeming, upon producing his certificate, the holder is such an owner as may call in the legal title. All that is necessary for him to accomplish this is to pay such taxes as are then against the land. He has already paid the purchase price as his certificate of purchase evidences.

The right to call in the legal title ordinarily presupposes an equitable title in the person who may exercise the right. An equitable title has been described as the right in the party to whom it belongs to have the legal title transferred to him upon the performance of specified conditions. [Karalis v. Agnew, 111 Minn. 522, 127 N. W. 440.] The act permits the application of this rule in this case. Therefore, the City is now vested with the equitable title to the land and the land is not subject to taxes. In King County, Washington, v. United States Ship Board, E. F. Corp., 282 Fed. 950, it is stated: "The taxable character of property is to be referred to the status of the real, rather than the nominal, owner. Private property is not exempt from taxation because the government holds the legal title thereto, and by parity of reasoning neither is public property taxable because the naked legal title is in a private person. [Carroll v. Safford, 3 How. 444, 11 L. Ed. 671; Witherspoon v. Duncan, 4 Wall. 210, 18 L. Ed. 339.]" Cooley also says: "It has been held that the term 'property' includes an equitable as well as a legal interest. So the word 'owned' in an exemption statute is generally construed to comprehend an equitable as well as a legal ownership." [Taxation (1924), sec. 677.]

Furthermore, the provision making the payment of the outstanding taxes a prerequisite to obtaining a deed could not have been intended to apply to the City, acting in its governmental capacity, which is not liable for taxes. In Van Brocklin v. Tennessee, 117 U. S. 151, the United States Supreme Court said: ''General tax acts of a State are never, without the clearest words, held to include its own property, or that of its municipal corporations, although not in terms exempted from taxation.'' This is quoted in State v. Snohomash County, 71 Wash. 320, 128 Pac. 667, which held that public policy supports the conclusion that general tax laws are presumed to operate upon private, not public property in the absence of a clear intention to the contrary. The reason for such rule is aptly stated in Laurel v. Weems, 100 Miss. 335, 56 So. 451: ''Revenue is the object of taxation, and none would result from levying a tax upon the agencies of the state, through which it exercises the functions of government, or by virtue of which it protects and enforces its rights or those of its citizens. Taxation of these functions and agencies would, in effect, be merely taking out of one pocket and putting into another. In the end, no net revenue would be derived.'' [See also State v. Locke, 29 N. M. 148, 219 Pac. 790.]

We merely observe that the act was later amended to allow the City or a county to effect purchases of land sold for taxes and to obtain deeds to the same without first paying the back taxes which have accrued against the land. [Laws of 1939, sec. 1, p. 850, Mo. Stat. Ann., sec. 9953b, p. 8000.] This amendment is of no application here.

It is our conclusion that the City is entitled to a deed to the land involved, and it is the duty of the collector to execute and deliver one, as the City is not required to pay the outstanding taxes. The same decision on a similar state of facts was reached in Lancaster County v. Trimble, 34 Neb. 752, 52 N. W. 711.

For this purpose let our peremptory writ be issued. All concur except *Tipton* and *Hays, JJ.*, who dissent.