STATE OF MISSOURI, at the Relation and to the Use of WILLIAM F. BAUMANN, Collector of the Revenue within and for the CITY OF ST. LOUIS in the State of Missouri, v. IRENE MARBURGER, OREON E. SCOTT, Trustee, BUCKINGHAM INVESTMENT COMPANY, EMMA HUBBARD, WILLIAM HIGGINS, EMILIE K. HORSLEY, BESSEY ROSS MOORE, CARRIE M. RUNZ, AMELIA B. STOELTING, META C. STOELTING, UNITED CHRISTIAN MISSIONARY SOCIETY, EMMA CLIFFORD, ADELIA KELLY, MRS. C. A. PICKETT, FRANK L. SANDERS, OREON E. SCOTT, LOLAH F. STEED and C. M. YOCUM, Appellants.—No. 38941.—182 S. W. (2d) 163.

Division One, July 3, 1944.

Rehearing Denied, September 5, 1944.

*Martin, Peper & Martin* and *Christian B. Peper* for appellants.

*James A. Waechter, Eugene M. Guise* and *Donald Gunn* for respondent.

VAN OSDOL, C.—Action commenced in December, 1940, to enforce the lien of back taxes for the years 1931 to 1936, inclusive,

assessed against certain real property situate in the City of St. Louis. The case involves a construction of the revenue laws of the State. Defendants by answer prayed for a decree cancelling the taxes; and have appealed from a judgment for plaintiff-relator.

From the year 1933 and until the year 1939 liens for back taxes on delinquent lands in the City of St. Louis were enforced merely by sale by the collector as provided by the Jones-Munger Act, Laws of Missouri 1933, pp. 425-449; see now, as re-enacted and amended, Section 11117 et seq., Article 9 of Chapter 74, R. S. 1939, Mo. R. S. A., sec. 11117 et seq. In the year 1939 the legislature by amendment provided that the lien for delinquent taxes should be enforced by action in certain classified cities and counties, including City of St. Louis. Laws of Missouri 1939, p. 878 et seq.; Section 11183 et seq., R. S. 1939, Mo. R. S. A., sec. 11183 et seq. (Roberts v. Benson, 346 Mo. 676, 142 S. W. 2d 1058; Hull v. Baumann, 345 Mo. 159, 131 S. W. 2d 721). However, November 12, 1938, while the provisions of the Act prior to the amendment were applicable as the means of collection of back taxes in St. Louis, the real property involved in the case at bar had been sold for back taxes for the years 1931 to 1937, inclusive, two prior annual offerings of sale having theretofore been made as in the Act provided (Section 9953, Laws of Missouri 1933, p. 432; Section 11129, R. S. 1939, Mo. R. S. A., sec. 11129). The property was bought at the third offering (see Section 9953a, Laws of Missouri 1933, p. 432; and then, as amended, Section 9953a, Laws of Missouri 1939, p. 851, now Section 11130, R. S. 1939, Mo. R. S. A., sec. 11130) by an investment company, the amount of the bid being insufficient to ▮▮▮ satisfy the then delinquent taxes for the years 1931 to 1937, inclusive. The amount of the bid was by the purchaser paid unto relator who applied the money to the satisfaction of back taxes for the year 1937 and to the partial satisfaction of back taxes for the year 1936; and a certificate of purchase was issued to investment company, purchaser. Thereafter, November 7, 1940, these defendants, who include the record owner of the land, paid unto relator to the use of investment company, purchaser, the full sum of the original bid, costs and interest, and redeemed.

Defendants (appellants) assign error of the trial court in not rendering judgment for defendants for the reasons, (1) the sale discharged the lien of the delinquent taxes; (2) there is no statutory authority for the instant action; and (3) the collection of taxes for the years 1931 to 1934, inclusive, is barred by limitation.

▮▮▮ It is the contention of defendants that the sale extinguished, expended or discharged the lien of the taxes regardless of the amount realized at the sale, and that the redemption from the sale did not avail to reinstate the lien. The cases of other states are cited in support of defendants' position. Cases of French v. Toman, 375 Ill. 389, 31 N. E. 2d 801; State ex rel. Kipp v. Johnson, 83 Minn.

496, 86 N. W. 610; and Lindsay et al. v. Fay, 28 Wis. 177, are especially stressed. In the case of French v. Toman the sale was made under a judgment of foreclosure rendered in a suit in equity. The court held that a foreclosure in equity of a lien extinguishes it; the cause of action is merged in the foreclosure and sale; the decree becomes the basis of title, the debt being merged in the decree; the lien has expended its force; while the redemption voided the sale (and the certificate of the purchaser), the position of the redemptioner, *who* in that case *was not primarily liable for the debt,* was that of a grantee of the former owner. The court further stated that the lien, being extinguished, manifestly ceases to exist unless and until it is revived—the redemption statute made no mention of a revival. In studying this case the discussion of the effect in Missouri of a tax judgment upon a tax lien in the case of Boyd v. Ellis, 107 Mo. 394, 18 S. W. 29, cited with approval in Rosenzweig v. Ferguson, 348 Mo. 1144, 158 S. W. 2d 124, may be read with interest. In the case of State ex rel. Kipp v. Johnson, supra, it was held that a redemption provided by statute is from the sale, and "has the effect of wiping out the sale, and *restoring* the property to the owner." (Our italics.) The case of Lindsay et al. v. Fay, supra, turns upon a construction of a statute of limitations requiring that an action to recover lands forfeited for taxes must be commenced within three years "except in cases where the taxes shall actually have been paid." The court held the tax is cancelled by a tax sale, and the redemption by the owner "does not seem to be the payment of a tax, in any correct sense of that term," but "is the payment to the holder of the certificate of an incumbrance which he thereby has upon the land." The reading of these cases bears out the text of Cooley, The Law of Taxation, 4th Ed., Vol. 3, Section 1452, pp. 2889-90, "The rights of the purchaser under a certificate of sale are not uniform in the different states. In some he would perhaps be recognized as owner of an estate subject to be defeated on the making of the statutory redemption; in others as owner of an inchoate title which would become complete if the time for redemption expired without its being made. In some states the purchase gives a lien merely, . . . "

Under our Jones-Munger Act, the holder of a certificate of purchase, throughout the two years immediately succeeding the tax sale, is vested with an inchoate or inceptive interest in the land subject to the absolute right of redemption in the record owner in whom the title remains vested. After the two year period of absolute right of redemption, and for a further two year period, the certificate holder has an equitable title in the property with the right to call in the legal title by producing the certificate of purchase, paying certain taxes and fees, and demanding a deed. Bullock v. Peoples Bank of Holcomb, 351 Mo. 587, 173 S. W. 2d 753; Hobson v. Elmer, 349 Mo. 1131, 163 S. W. 2d 1020; State ex rel. City of St. Louis v. Baumann,

348 Mo. 164, 153 S. W. 2d 31. The record owner continues the owner of the legal title and has the right of redemption which he, or any other persons having an interest in the land, may exercise by application therefor and by making certain required payments at a time within four years immediately succeeding the tax sale and prior to the exercise, after the lapse of the two years immediately succeeding the sale, of the right of the certificate holder to have the legal title transferred to him. Section 9956a, Laws of Missouri 1933, p. 437; Hobson v. Elmer, supra. The legal title does not vest in the holder of the certificate of purchase by virtue of the tax sale until the sale is consummated, that is, until (there being no redemption) the holder shall have exercised his right to have the legal title tranferred to him.

Every citizen has the duty to pay the taxes which the state and its delegated taxing authorities have lawfully levied and assessed against him or his property.

It has been held that the purchase at a tax sale by one who has the duty or obligation to pay the taxes is not a purchase in the sense that the title is transferred by such sale but is merely a payment of the taxes, and leaves the title vested as if payment had been made before the sale. Duffley v. McCaskey, 345 Mo. 550, 134 S. W. 2d 62; McCune v. Goodwillie, 204 Mo. 306, 102 S. W. 997. The owner who has redeemed the property likewise should not have his title freed of burdens affecting it by redeeming from a tax sale made because of his failure to perform a duty, and it has been held that an owner having redeemed his property from a tax sale *does not hold under the lien for taxes.* He has merely discharged an existing obligation affecting his title, and has relieved it from the burden discharged. By his redemption he prevented any conveyance whereby the title would have passed under the lien for taxes. He acquired no new or greater title. Gilmore v. Hibbs, 347 Mo. 1072, 152 S. W. 2d 26. It follows that payment of taxes through purchase by the owner at the tax sale, or payment through redemption by the owner, should relieve the title of the property of the lien affecting it to the extent the payment discharged the obligation.

It is our conclusion that a lien for taxes is not discharged, expended or extinguished by a sale by the collector under the Act until the sale is consummated, that is, when the legal title to the property has been transferred under the lien to the holder of the certificate of purchase by a collector's deed, the right of redemption having not been theretofore exercised.

The language of Section 9953b, Laws of Missouri 1933, pp. 432-3, clearly shows that the legislature contemplated that the lien of taxes should not be extinguished (if the right of redemption were exercised) by any sale made under the provisions of the Act, and it is provided that, ". . . in the event of the redemption . . ." of the land,

the land so redeemed shall be subject to resale for all delinquent taxes not paid by such sale.

Under the Jones-Munger Act as now effective no certificate of purchase is issued to a bidder upon the first and second offerings unless his bid is equal to the delinquent taxes with interest, penalty and costs; and there is now no right of redemption from a sale upon the third offering, Section 11130, supra; and a case involving taxes unpaid by a third sale may now arise only if the purchaser at such third sale should be one who had the duty to pay the taxes.

█ It is contended by defendants that there is no statutory authority for the instant action. There is no merit to this contention. Provision for the enforcement of the lien of back taxes in St. Louis since the year 1939, as stated, is as in Section 11183 et seq., supra, provided, and Sections 11186-7 authorize an action as instituted by plaintiff-relator in the case at bar.

█ It is urged that Section 9953b, supra, was entirely lacking in that certainty which is "constitutionally required" of a tax statute; that the legislature in repealing it recognized the "impracticality and invalidity" of the resale provision of the Section; and that the resale provision did not purport to preserve the lien except for the provision of a resale under the particular section. Hereinbefore we have decided that the lien of the delinquent taxes was not discharged by the sale. And a more cogent reason for the repeal of Section 9953b, supra, is noticed—as we have stated, there is now no right of redemption from a sale upon the third offering, but such a sale is consummated by the immediate issuance and delivery of a collector's deed to the purchaser. Section 11130, supra; State ex rel. McGhee v. Baumann, 349 Mo. 232, 160 S. W. 2d 697. █ We do not regard the provision of Section 9953b, supra, for the resale to have been lacking in the certainty necessary to have effected its purpose had the Section remained effective. It is apparent that the legislature intended the time and manner of the resale should be as provided in Sections 9952b and 9952c, Laws of Missouri 1933, pp. 430-1, now Sections 11126-7, R. S. 1939, Mo. R. S. A., secs. 11126-7.

█ Of defendants' contention that the enforcement of the lien for taxes for the years 1931 to 1934, inclusive, by the instant action is barred by limitation—actions for the recovery of taxes against real estate as provided in Article 9, Chapter 74, R. S. 1939, of which the instant action is an example, must be commenced within five years after delinquency "excepting taxes now (1939) delinquent, on which suit may be commenced at any time within five years after this law shall take effect, but not thereafter." Section 11194, R. S. 1939, Mo. R. S. A., sec. 11194. At the time (1939) of the enactment of Section 11194, supra, the taxes for the years 1931 to 1934, inclusive, were delinquent; and the lien for such taxes was outstanding, we have held. The instant action was instituted in the year 1940. Prior to the

194

■

enactment of Section 11194, supra, the period of limitation for proceedings for the sale of land for taxes by foreclosure sale in St. Louis was that provided in Section 11165, R. S. 1939, Mo. R. S. A., sec. 11165 (see Section 9961, Laws of Missouri, Extra Session, 1933-34, pp. 154-5), that is, "initial proceedings therefor shall be commenced within five (5) years after delinquency." The record in our case shows that the first offering of sale was in the year 1936, within five years after the taxes for the years 1931 to 1934, inclusive, became delinquent. We rule the contention against defendants.

The judgment for plaintiff-relator should be affirmed.

It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.