In re the MARRIAGE OF Addie Louise NULL and Willard Roscoe Null.

Addie Louise NULL, Petitioner–Respondent,

v.

Willard Roscoe NULL, Respondent–Appellant.

No. 11440.

Missouri Court of Appeals, Southern District, Division Three.

Nov. 25, 1980.

James B. Crenshaw, L. Dwayne Hackworth, Law Offices, Centerville, for petitioner–respondent.

Briney, Welborn & Spain, Bloomfield, for respondent–appellant.

PREWITT, Judge.

The parties were married in 1940 and separated in 1964. This dissolution proceeding was commenced on August 2, 1978. Six children were born of the marriage. When the husband left the family home in 1964 there were three sons still at home: one in the seventh grade, one in the ninth grade, and one in the tenth grade. Between the separation and the time of trial the husband contributed less than $2,000 toward the wife's and the children's support. Nothing was paid after November of 1966. The wife raised the children without any help from the husband except that financial help. All three of the sons completed high school, two completed barber college, and one junior college. The trial court found that the wife was free of any marital misconduct but during much of the time during the separation the husband was guilty of misconduct in living with another woman.

The husband presents four points of claimed error for our review: (1) in the trial court awarding wife an 80–acre tract of land which the husband claims he purchased before marriage and was his separate property; (2) in the trial court determining that a 120–acre tract was marital property because husband claims he received it as a gift from his parents and it was his separate property; (3) in the trial court's award of attorneys fees to the wife because there was no evidence that she was unable to pay the fees and that because of

the financial position of the parties, such award was an abuse of discretion; and (4) that even if the tracts referred to in points one and two were marital property, the trial court erred by making an "inequitable" division of marital property.

Husband's first point contends that 80 acres, which contains the house that the parties lived in when they separated, should be set apart to him as his separate property as provided in § 452.330, RSMo 1978. Wife still regards it as her home but also stays part of the time with her ailing mother. Husband paid for the property after being the successful bidder at a tax sale on November 7, 1939, and received a certificate of purchase at that time. The parties were married February 12, 1940. Husband presented the certificate of purchase to the county collector on November 27, 1941, and received a deed from the collector on that date. We must determine if this was "property acquired ... subsequent to the marriage". § 452.330.

At the time of marriage the husband was the owner of an inchoate title which became complete when the time for redemption expired without redemption being made. See *State ex rel. City of St. Louis v. Baumann*, 348 Mo. 164, 153 S.W.2d 31, 34–35 (banc 1941). An inchoate interest is one which may ripen into a vested estate, if not barred, extinguished, or divested. Black's Law Dictionary 904 (4th ed. 1968). The holder of a certificate of purchase is vested with an inchoate interest subject to a right of redemption in the record owner in whom the legal title remains vested. *State ex rel. Baumann v. Marburger*, 353 Mo. 187, 182 S.W.2d 163, 165 (1944); *Gilmore v. Hibbs*, 347 Mo. 1072, 152 S.W.2d 26, 28 (1941).

The term "property" in § 452.330 includes inchoate interests. *Claunch v. Claunch*, 525 S.W.2d 788, 790 (Mo.App.1975). Property to which one's spouse has acquired an equitable right before marriage is separate property although that right is not perfected until after the marriage. 4A Thompson on Real Property, § 1955, p. 319 (repl.1979); 2 Tiffany, Real Property, § 439

p. 241 (3d ed. 1939). Also see 15A Am. Jur.2d, Community Property, § 23, p. 647 and § 25, p. 649.

We believe that the husband "acquired" the interest in the property prior to marriage and that the legal title he received after the marriage must relate back to the time of purchase. If the owner had redeemed the property, and the husband had received back the consideration paid, that consideration would have been his separate property as he acquired it before the marriage. We think the interest that he now has must be held to be his separate property also.

There was evidence that after the marriage the property was improved at least in part by efforts of the wife and by marital assets. A house was built on the property during the marriage by their joint efforts and funds. While these factors may influence the division of marital property under § 452.330, they do not convert the husband's separate property to marital property. *Stark v. Stark*, 539 S.W.2d 779, 783 (Mo.App.1976). See also *McKenna and McKenna*, 607 S.W.2d 464 (Mo.App.1980), and *In re Marriage of Cain*, 536 S.W.2d 866, 868–872 (Mo.App.1976). Point one is ruled in favor of appellant.

We next consider point two. Husband contends that a 120–acre tract of land awarded to the wife by the trial court was a gift to him from his parents. It was conveyed to him on April 4, 1947. He says nothing was paid for it. The wife testified that they paid for the property after their marriage but she did not know the amount. This property was acquired during the marriage and as such "is presumed to be marital property". § 452.330.3, RSMo 1978. The presumption can be overcome by showing that the property was acquired by gift, but that is a question of fact upon which here the burden of proof was on the husband. *Anderson v. Anderson*, 584 S.W.2d 613, 615 (Mo.App.1979); *Boyers v. Boyers*, 565 S.W.2d 658, 660 (Mo.App.1978). The trial judge apparently did not believe that this burden of proof was met and we defer to his ruling. Point two is denied.

Point three questions the award of attorneys fees because there was no testimony that the wife lacked funds to pay her attorneys and because the financial condition of the parties made such an award an abuse of discretion. Inability of a spouse to pay attorneys fees is not a requirement for awarding them. *In re Marriage of Brewer*, 592 S.W.2d 529, 536 (Mo.App.1979). The financial resources of the parties must be considered, as well as all other relevant factors, and only when the trial court is shown to have abused its broad discretion in awarding attorneys fees should the award be overturned. Id. Under the facts here we do not believe that an abuse of discretion has been shown. Point three is denied. The award of attorneys fees is affirmed.

Our ruling on point one changes the distribution of assets made, and thus there is no need to consider husband's fourth point.

In view of the determination on point one, the disposition of the property must be reconsidered. It may not be fair to the wife to remove the 80 acres from the assets granted to her and leave her only with the balance of the assets granted. While we have the authority to direct the distribution of marital property, as a practical matter, on the record before us, we do not believe we should do so here. See *Davis v. Davis*, 544 S.W.2d 259, 265 (Mo.App. 1976); see also *Rogers v. Rogers*, 573 S.W.2d 425, 426 (Mo.App.1978).

We remand with directions that the trial court set off to the husband as his separate property the above referred to 80–acre tract. The trial court may then consider if an additional distribution of the marital property should be granted to the wife or if additional maintenance should be awarded her as she will no longer have the house she now claims as her residence. In these considerations the court may consider that the 80 acres was improved by the enterprise of the wife and the use of marital funds; see *Stark v. Stark*, supra, 539 S.W.2d at 783; and may consider the value of that 80 acres. See *In re Marriage of Cain*, supra, 536 S.W.2d at 875.

The judgment is reversed and the cause remanded for the trial court to amend the judgment and set off to the husband as his separate property the 80 acres referred to in point one and for the trial court to consider if an additional distribution of the marital assets should be made to the wife together with considering if instead of granting additional assets or in addition thereto, if more maintenance should be granted to her. In all other respects the judgment is affirmed.

BILLINGS, P. J., and MAUS, J., concur.