In re the MARRIAGE OF Norma Gean DANIEL and Loyce Howard Daniel.

**Norma Gean Daniel,
Petitioner-Respondent,**

and

**Loyce Howard Daniel,
Respondent-Appellant.**

No. 12471.

Missouri Court of Appeals,
Southern District,
Division Three.

Sept. 15, 1982.

Jasper N. Edmundson, Karen Jolly Miller, Hyde, Purcell, Wilhoit, Spain, Edmundson & Merrell, Poplar Bluff, for petitioner-respondent.

Ronald L. Little, Therese A. Schellhammer, Little, Million, Terando, Clarkson & Associates, P.C., Poplar Bluff, for respondent-appellant.

PREWITT, Judge.

Appellant contends that the trial court erred in a decree dissolving the marriage of the parties by determining that a 60 acre fish farm was marital property, in the division of marital property, in awarding respondent seven hundred dollars per month for ten years as maintenance, and in ordering that the award of maintenance shall be a lien on the marital real estate.

Our concern is whether the trial court reached a correct result and if so we should affirm even if the judgment is based on an

incorrect theory. C＿＿ L＿＿ R＿＿ v. L＿＿ B＿＿ R＿＿, 555 S.W.2d 372, 375 (Mo.App.1977). We have reviewed the record and have determined that the judgment is supported by substantial evidence and is not against the weight of the evidence.

Even if the farm was not marital property, the trial court made a "just" disposition as provided in § 452.330, RSMo 1978. Appellant received the farm, the fish on it, and the farm equipment. Respondent received a cash award for her interest in them. The fish and equipment were marital property and in making the award to respondent the court could consider improvements to the farm due to joint efforts and funds, even if the farm was appellant's separate property. See *In re Marriage of Null,* 608 S.W.2d 568, 570–571 (Mo.App. 1980).

Viewing the evidence most favorable to respondent, the award of maintenance was not an abuse of discretion. The lien granted did not violate § 452.080, RSMo 1978, as the court can make an allowance of maintenance in gross even though it was specified as payable in installments. *Laney v. Laney,* 535 S.W.2d 510, 512 (Mo. App.1976).

A further opinion would have no value as precedent and we affirm in compliance with Rule 84.16(b).

GREENE, C. J., BILLINGS, P. J., and FLANIGAN and MAUS, JJ., concur.