# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1894

_____

Show Me State Premium Homes, LLC

*Plaintiff - Appellant*

v.

George L. McDonnell; Doris M. McDonnell; Alan South, as Trustee under a Certain Deed of Trust; Kratky Road, Inc., a Trustee under a Certain Deed of Trust; United States of America, on behalf of Department of Housing and Urban Development; National City Bank; PNC Financial Services Group, Inc., as possible successor to National City Bank

*Defendants - Appellees*

Metropolitan St. Louis Sewer District

*Defendant*

City of Florissant, Missouri

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 11, 2023
Filed: July 20, 2023
[Published]

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Show Me State Premium Homes wants its purchase of a foreclosed property to be free and clear of all other interests, including those belonging to the United States. Getting what it wants would require a "judicial sale." 28 U.S.C. § 2410(c). We agree with the district court[1] that none took place, and it is too late to hold one now.

I.

The United States Department of Housing and Urban Development has two deeds of trust on a Missouri home. They were security for home-equity loans taken out by a couple that previously owned it. *See Bob DeGeorge Assocs. v. Hawthorn Bank*, 377 S.W.3d 592, 597 (Mo. banc 2012) (explaining that "[a] deed of trust is a form of mortgage . . . that uses an interest in real property as security for performance of an obligation"). When the couple fell behind on their property taxes, the county tax collector put the house up for auction. *See* Mo. Rev. Stat. § 140.150(1) (authorizing the sale of real property to cover unpaid taxes). A bond company bought it, received a deed, and then sold it to Show Me. *See id.* § 140.420.

Worried about the marketability of its title, Show Me went to Missouri state court to request an order declaring that all other interests in the home, including those

---

[1]The Honorable Sarah E. Pitlyk, United States District Judge for the Eastern District of Missouri.

belonging to the United States, had been extinguished through foreclosure.[2]  After removing the case, *see* 28 U.S.C. § 1442(a)(1), the United States filed a motion to dismiss, *see* Fed. R. Civ. P. 12(b)(6).  Its position was that there could be no foreclosure without a judicial sale.  *See* 28 U.S.C. § 2410(c).  The district court agreed, declined to exercise supplemental jurisdiction over what remained, and remanded to state court.  *See id.* § 1367(c)(3).

## II.

The key to this case is 28 U.S.C. § 2410.  It waives sovereign immunity for, among other things, "civil action[s] . . . to foreclose a mortgage or other lien."  *Id.* § 2410(a)(2).  But, according to the statute, there must be a "judicial sale" first.[3]  *Id.*

---

[2]The district court dismissed Show Me's request for ejectment and an award of costs and damages on sovereign-immunity grounds.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *cf.* 28 U.S.C. § 2410(a) (waiving sovereign immunity for certain other actions involving property in which the United States claims an interest).  It should have specified, however, that the dismissal was without prejudice—a modification we now make.  *See Murray v. United States*, 686 F.2d 1320, 1327 n.14 (8th Cir. 1982) (explaining that a court is "without power to render judgment on the merits" in these circumstances).

[3]We do not address whether the judicial-sale requirement applies to other types of actions listed in 28 U.S.C. § 2410(a).  Show Me insisted throughout that it sought title through foreclosure and, until oral argument, never argued otherwise.  Although Show Me's state-court petition labeled its foreclosure request as a quiet-title action, the substance of the petition—including the prayer for relief— asked the court to foreclose the existing liens on the property.  *Cf. Raulerson v. United States*, 786 F.2d 1090, 1091 (11th Cir. 1986) (explaining that "section 2410 waives sovereign immunity only in *actual* quiet[-]title actions, not suits analogous to quiet[-]title actions").  We will not consider its last-minute, unbriefed suggestion that it only sued "to quiet title."  *Id.* § 2410(a)(1); *see United States v. Larison*, 432 F.3d 921, 923 n.3 (8th Cir. 2006) ("We do not consider arguments raised for the first time at oral argument.").

§ 2410(c). Determining what qualifies as one presents a question of statutory interpretation that we review de novo. *See United States v. Templeton*, 378 F.3d 845, 849 (8th Cir. 2004).

The tax sale itself does not qualify because it was not "made under the process of a court." *Williamson v. Berry*, 49 U.S. (8 How.) 495, 547 (1850) (defining what a judicial sale "definite[ly] and unmistakab[ly]" requires); *see Weir v. United States*, 339 F.2d 82, 85 (8th Cir. 1964) (explaining that judicial sales are "made under order or decree of [a] court" (quoting *Yazoo & Miss. Valley R.R. Co. v. City of Clarksdale*, 257 U.S. 10, 19 (1921))). "It is an indispensable attribute of such a sale that it must be made by authority of some court or judge that has jurisdiction to make or to direct it." *Laurel Oil & Gas Co. v. Galbreath Oil & Gas Co.*, 165 F. 162, 165 (8th Cir. 1908). Here, however, there was no court involvement at all, much less a sale conducted under court order or supervision. It was instead an online auction, held under the direction of the county tax collector, which Missouri courts have described as an "administrative" process that "substitute[s]" for a judicial foreclosure sale. *McMullin v. Carter*, 639 S.W.2d 815, 817–18 (Mo. banc 1982) (citation omitted).

It is also too late at this point for the district court to order a judicial sale because there is nothing for Show Me to buy. The tax collector gave the bond company a deed, "vest[ing] . . . an absolute estate in fee simple," Mo. Rev. Stat. § 140.420, which it then sold to Show Me. It cannot purchase an interest it already owns. *See Webster's New International Dictionary of the English Language* 2203 (2d ed. 1944) (defining a "sale" as a transaction transferring property "from one person to another").

Show Me views things differently. It claims that there is still something left to buy because its interest is "inchoate." And the way to perfect what it bought is to have the district court confirm that it has title, which would also satisfy the judicial-sale requirement.

-4-

But that is not how tax sales work in Missouri.  A buyer's interest is only "inchoate" *before* it gets a valid deed, not after.  *See State ex rel. Baumann v. Marburger*, 182 S.W.2d 163, 165 (Mo. 1944) (explaining that, by satisfying other requirements and then "demanding a deed," a tax-sale buyer "call[s] in the legal title"); *see also* Mo. Rev. Stat. § 140.330(1) (providing that the buyer "may"—not must—then go to court to quiet its title); *cf. CedarBridge, LLC v. Eason*, 293 S.W.3d 462, 467–69 (Mo. Ct. App. 2009) (explaining that a would-be buyer "never attained the title" because the deeds it received were invalid), *abrogated on other grounds by Harpagon MO, LLC v. Bosch*, 370 S.W.3d 579 (Mo. banc 2012).  And here, title vested once the bond company "exercised [its] right to have the legal title transferred." *Marburger*, 182 S.W.2d at 166.  No "judicial sale" ever took place, and it is too late to hold one now, meaning that the interests held by the United States have never been foreclosed.  28 U.S.C. § 2410(c).

## III.

We accordingly affirm the judgment of the district court but modify the dismissal of the ejectment and damages claims to be without prejudice.

_____